THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL GOGARTY, Appellant.

First Department, April 10, 1958.

*James P. Morahan* for appellant.

*Walter E. Dillon* of counsel (*Daniel V. Sullivan, District Attorney*), for respondent.

STEVENS, J. This is an appeal from a judgment of the Court of Special Sessions, Bronx County, convicting the defendant of a violation of subdivision 3 of section 1747-d of the Penal Law, which declares it to be unlawful, except for certain classes of persons, "to have under control or possess, a hypodermic syringe or hypodermic needle, or any other instrument or implement adapted for the administering of narcotic drugs which other instrument or implement is possessed for that purpose".

The evidence here is insufficient to prove possession or control within the meaning of the statute, or to prove the guilt of this defendant of the crime charged beyond a reasonable doubt. Hence the conviction cannot stand.

The evidence consisted of the testimony of the arresting officer together with a single exhibit, a small tablespoon, of which "the bottom part is discolored throughout the spoon itself and the handle of the spoon is bent". The spoon was never tested for any residue of narcotics.

The testimony of the arresting officer, the only witness at the trial, was that he observed the defendant drop a spoon while on the landing of a common hallway. Thereupon he chased the defendant up to and across the roof, that the defendant went down an adjoining building and was apprehended by a fellow officer. While on the roof, the witness observed three other boys running away.

Thereafter the witness returned to the place where he had first observed the defendant, and picked up the spoon now in evidence. He testified that he found an eyedropper and a hypodermic needle in the area.

There was no testimony, other than as above, nor any admissions linking the defendant with the eyedropper or the syringe.

Possession need not be restricted in its application to that

which is only physical. In its essential elements, however, it involves ownership, custody or control plus the further requirement under this statute that such possession be for the purpose of administering narcotic drugs. Possession may be an inference of fact to be drawn in the light of all the circumstances of the case to prove it knowing, voluntary and with the requisite intent. Or to express it differently, possession may be proved by circumstantial evidence.

It is apparent that to sustain the conviction the People rest upon that type of circumstantial evidence generally characterized as uncertain, i.e., that from which the conclusion does not necessarily follow but is probable only. But even in that category there must be positive proof of the facts from which the inference of guilt is to be drawn and the inference must be the only one which can reasonably be drawn from those facts; that is, the facts proved must all be consistent with and point not only to the defendant's guilt, but they must be inconsistent with his innocence. (See *People* v. *Harris,* 136 N. Y. 423.)

We do not think the evidence here meets that test. *People* v. *Birnbaum* (208 App. Div. 476) cited by the People, is distinguishable. In that case there were common possession of a room by the defendants, false and evasive statements, and other circumstances tending to support the charge.

The finding of instruments or implements in a common hallway, absent any gesture or admission connecting them with this defendant, coupled only with his alleged proximity at some time, the observation by the witness of others who sought to remove themselves from the vicinity (whether from consciousness of guilt, fear of apprehension or other motives upon which the mind might speculate) persuades us that the evidence does not rise to that degree of proof beyond a reasonable doubt which the law demands.

The judgment of conviction should be reversed, on the facts and the law, and the information dismissed.

BREITEL, J. P., FRANK, MCNALLY and BERGAN, JJ., concur.

Judgment unanimously reversed upon the law and upon the facts, and the information dismissed.