■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANTHONY MESSINA, ROBERT ORR and JOSEPH GRANDE, Respondents.— In a criminal action, in which, on a prior appeal to this court (see 19 A D 2d 655), judgments of conviction against the defendants were reversed and a new trial ordered, the People appeal from an order of the Supreme Court, Kings County, dated October 31, 1963, which, after a hearing and upon the court's opinion, granted the defendants' motion to suppress certain evidence against them on the ground that it was obtained as the result of an unlawful search and seizure. The People have filed the statement required by statute to perfect their appeal from said order (Code Crim. Pro., § 518, subd. 6; § 518-a). Order reversed on the law and the facts and motion denied. In our opinion, at the time that the defendants were questioned by the police and the automobile occupied by defendants was searched, the police had reasonable cause to believe in good faith that the defendants had committed the crime of burglary (*People* v. *Coffey*, 12 N Y 2d 443; *People* v. *Santiago*, 13 N Y 2d 326, 331; *People* v. *Cassone*, 20 A D 2d 118; cf. *Preston* v. *United States*, 376 U. S. 364). The mere fact that, at the time of the search and seizure the police did not know about the specific burglary which had actually been committed, does not require a determination that the arrest and the search and seizure were unlawful (*People* v. *Cassone, supra*). Accordingly, the motion to suppress should have been denied. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROY ROBINSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 10, 1961 after a jury trial, convicting him of burglary in the second degree and of assault in the third degree, and imposing sentence. Judgment affirmed. In our opinion, *People* v. *Krevoff* (11 A D 2d 1053) is distinguishable. In the case at bar there is evidence from which the conclusion may be fairly drawn that there was a breaking; in the *Krevoff* case there was no such evidence. Beldock, P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.