Jack Rosenberg, J.
Defendant herein stands accused of the crime of attempted petit larceny under the old Penal Law. Upon his plea of not guilty a trial was commenced whereupon the prosecution’s witnesses testified that defendant appeared at the Manufacturers Hanover Bank at 799 Broadway on March 24, 1967 at about 2:00 p.m. and presented a check to a bank officer to obtain approval for payment. (This check was apparently drawn by the New York Mechanical Engraving Company and made out to the order of a “ William White,” and was appropriately so indorsed by the defendant.) It appears from the evidence that defendant merely handed the check to the bank officer without any spoken words. Upon being required to produce some identification, he proffered a Social Security . card and a Selective Service card, both of which bore his name —which name was identical with that appearing on the face of the check. Then, the bank officer, prior to giving his approval of this check, started to go towards his files, which were some distance from his desk. As the bank officer started away on his inquiry he observed defendant walking out of the bank — leaving his check.
Counsel for defendant concedes these are the facts and he also admits that defendant was in possession of a check which was stolen and forged. However, counsel argues that even if defendant had committed any acts tending towards completion of the larceny, he ‘ ‘ voluntarily abondoned ’ ’ his criminal purpose by walking out of the bank. Moreover, counsel submits that inasmuch as the bank officer “ could not or would not” give any cash to defendant (this being the function of a bank teller), he was still at the preparatory stage and could indeed change his mind.
*299 Upon a review of the record, I find that defendant unexplainedly came into possession of property of another — a stolen and forged check — and that lie signed his name as payee and then indorsed it. In such condition, this check became a bill of exchange, payable upon demand at the drawee bank. (Uniform Commercial Code, § 3-104.) Defendant then walked into the bank with this check. Was there an attempt to steal? Under the applicable statute (former Penal Law, § 2): “ An act, done with intent to commit a crime, and tending but failing to effect its commission, is 1 an attempt to commit that crime As was said in People v. Werblow (241 N. Y. 55, 61): “ Acts in furtherance of a criminal project do not reach the stage of an attempt unless they carry the project forward within dangerous proximity to the criminal end to be attained That is to say, there must be, in addition to mere design or intent, an overt act by defendant to effect the crime but failing in its commission through timely interruption. (Cf. People v. Rizzo, 246 N. Y. 334.)
Unlike the circumstances in People v. Rappaport (207 Misc. 604), cited by counsel, the defendant herein did not withhold his unlawful claim for payment but did all that was required to obtain payment: he indorsed the check and presented it to the bank officer for approval. Then, defendant being committed to the scheme, sought to persist in receiving payment by offering to prove his identity and establish the check as bona fide. However, somehow becoming fearful of exposure, he then abandoned the project. Nevertheless, he had already committed the crime of attempted larceny. I hold that ‘ ‘ the act of presenting the check for approval constituted a consummation of the crime ” (cf. State v. Clark, 270 Minn. 538, 557 [1965]). While it is true that one may abandon a criminal venture, when the overt acts have proceeded to the extent of constituting an attempt, one is criminally responsible although he subsequently abandons his purpose or is somehow interrupted. (See People v. Sullivan, 173 N. Y. 122, 135; State v. McGilvery, 20 Wash. 240.) The evidence herein is sufficient to show that defendant’s scheme had progressed to the point where, had it not been interrupted, the drawer would have been defrauded in consequence of his false pretenses. (Cf. Lemke v. United States, 211 F. 2d 73 [C. A. 9th], cert. den. 347 U. S. 1013.) Even if we adopt counsel’s argument that defendant had to make further exertion to complete this crime by gaining the bank officer’s approval of the check and then making presentment to a bank teller, the result is unchanged inasmuch as defendant’s prior acts went beyond mere preparation and had already become an *300 “attempt.” Certainly, while he was “at a distance ” from the hank, defendant might have changed his mind and abandoned the design (People v. Sullivan, supra, p. 135), but entry into the bank and presentment of the check to the bank officer gave no further opportunity for reflection. (State v. Clark, supra.)
It is noteworthy that when the defendant, upon his immediate entry into the bank, accosted an officer and presented the check, the fact that the officer had no duty to cash the check and had no money at his desk would not aid the defendant. There was still an attempted larceny “ whether property could, in fact, have been stolen or not ” (cf. People v. Moran, 123 N. Y. 254, 257). Further, the fact that the bank was not deceived and refused to pay does not relieve - defendant of responsibility. (Franczkowski v. State, 239 Md. 126.)
Therefore, upon this record, I find that defendant, with the intent to commit larceny, performed specific acts, tending towards the commission of that crime, which failed of consummation and accordingly, I find him guilty of the crime of attempted petit larceny.