■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BRACEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 9, 1974, convicting him of attempted robbery in the second degree and unlawful possession of a weapon as a misdemeanor, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. Defendant and another, Tyrell Foster, were arrested and charged with attempted robbery in the second degree and unlawful possession of a weapon (a loaded, operable pellet gun) as a misdemeanor. The testimony of the complainant, the only witness to the *res gestae,* was to the effect that defendant had been parked outside of the complainant's store without any license plates on his vehicle. Foster, who had been in the store to purchase candy, walked over to the car, spoke with defendant and then received a canvas shoulder bag from a third man, unapprehended and unidentified, who was with them. Foster subsequently walked to the door of the complainant's store, withdrew what looked like a black pipe from the shoulder bag and began to open the door. He took one step inside, and then turned and walked away. Foster remained outside the door of the store for a while; he was arrested when a policeman arrived moments later. A search of the shoulder bag revealed that it contained only a loaded, operable pellet gun. The entire incident lasted only about 15 seconds. Defendant left the scene, but was apprehended some 15 minutes later when he again drove by the store and was pointed out to a police motor unit by the complainant. In order to sustain a conviction for an attempt to commit a crime, it must appear that the accused performed some overt act tending to effect the commission of the crime he is accused of attempting to commit, which act must also have tended to effect the commission thereof and establish what crime he intended to commit *(People v Werblow,* 241 NY 55, 61; *People v Brown,* 21 AD2d 738, 739; *People v White,* 55 Misc 2d 298, 299). The testimony adduced at the trial does not clearly show that defendant and Foster intended to rob the complainant. Their acts, or the acts of Foster, the protagonist herein, were consistent with the crimes of attempted menacing and attempted assault, as well as attempted robbery. The People have failed to establish what crime, if any, defendant intended to commit or that any act in furtherance of effecting the commission of any crime was performed by defendant or by his alleged accomplice. The crime of unlawful possession of a weapon, as charged, is committed when a person has in his possession "any * * * dangerous * * * imitation pistol * * * with intent to use the same unlawfully against another" (Penal Law, former § 265.05, subd 9). There is no testimony in the record before us that anyone had seen Mr. Foster, or defendant, with the pellet gun in his hand, poised in a manner implying the intent to use it in a criminal manner. The mere fact that the weapon was found by the police in Foster's bag is not a sufficient predicate upon which to base a conviction of the weapons charge. Cohalan, Acting P. J., Christ and Shapiro, JJ., concur; Brennan and Munder, JJ., dissent and vote to affirm the judgment.