■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES FIELDS, Respondent.—Appeal by the People from two orders of the Supreme Court, Kings County, both dated December 20, 1974, (1) the first of which, after a hearing, granted defendant's motion to suppress certain physical evidence with regard to Indictment No. 2508-1973 and (2) the second of which, at the close of the People's case, granted defendant's motion for a trial order of dismissal as to Indictment No. 2509-1973. Order as to Indictment No. 2508-1973 reversed, on the law and the facts, and motion denied. Order as to Indictment No. 2509-1973 reversed, on the law, motion denied, and new trial ordered upon the said indictment. The hearing court erred in granting defendant's motion to suppress evidence with regard to Indictment No. 2508-1973. Under CPL 140.10 a police officer may arrest a person for a crime when he has "reasonable cause" to believe that such person has committed such crime, whether in his presence or otherwise. "Reasonable cause", in this context, is the same as "probable cause", as that term is used in the Fourth Amendment (see *People v Lombardi,* 18 AD2d 177). "Probable cause" has been defined as a reasonable ground for belief of guilt, which is less than would justify conviction *(Brinegar v United States,* 338 US 160). The facts establish that there was probable cause to arrest defendant for both possession and sale of narcotics. Probable cause to believe defendant had sold narcotics appears from the fact that defendant emerged from the same apartment where a sale had been conducted 10 minutes earlier; he bore the distinctive scar which had been observed by the police officer during that sale. Probable cause to arrest defendant for possession of narcotics was based on the reasonable assumption that he was in control of a supply of narcotics in addition to the narcotics sold to the police officer. So far as the trial order of dismissal is concerned, we have held in *People v Brooks* (50 AD2d 319) that an appeal lies from such an order. In this case, the trial court erred when it dismissed the indictment as a matter of law; the People had adduced sufficient legal evidence, which, if believed, would have supported every element of the crime charged and the defendant's participation therein. Although the proof in some degree was circumstantial, a jury could reasonably have excluded every inference except that of defendant's guilt (cf. *People v Gogarty,* 5 AD2d 413; *People v Handford* 40 AD2d 529). Latham, Acting P. J., Cohalan, Brennan and Shapiro, JJ., concur; Munder, J., concurs in the reversal of the order which granted defendant's motion to suppress certain physical evidence, but otherwise dissents and votes to dismiss the appeal from the trial order of dismissal for the reasons expressed in the dissenting opinion of Mr. Justice Christ in the case of *People v Brooks* (50 AD2d 319).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL FOSTER-BEY, Indicted as TYRELL FOSTER, Appellant.—Judgment of the Supreme Court, Queens County, rendered May 30, 1974, reversed, on the law, and indictment dismissed *(People v Bracey,* 48 AD2d 860). Latham, Acting P. J., Margett and Christ, JJ., concur; Brennan and Munder, JJ., concur on constraint of *People v Bracey* (48 AD2d 860).