THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JONA-
THAN WHARTON, Respondent.

Second Department, December 27, 1977

## APPEARANCES OF COUNSEL

*Denis Dillon, District Attorney (Judith K. Rubinstein* and *William C. Donnino* of counsel), for appellant.

*Matthew Muraskin (Howard B. Comet, Allen M. Kranz* and *Michael J. Obus* of counsel), for respondent.

## OPINION OF THE COURT

MOLLEN, J.

We find that the police officers did not have reasonable cause to believe that the defendant had committed a crime when they frisked, handcuffed and arrested him. Consequently, we affirm.

The sole testimony adduced in the course of the hearing was that of the two police officers who arrested the defendant. They testified, in substance, that while driving on Parkway Drive, Elmont, they noticed a blue plastic bag on a grass mall near the Cross Island Parkway. Upon examination, they found that the bag contained power tools. They believed the tools to be the product of a burglary and therefore, over the radio, requested help from their supervisor for a stakeout. They testified that while keeping the bag under surveillance a taxicab drove up to the intersection and then slowly backed up onto Parkway Drive. The defendant left the taxi, "ran to the bag, scooped it up, ran back to the cab and got back in". The officers pulled their cars alongside the taxi and jumped out of their cars, shouting "Police" and "Freeze". The defendant was frisked, handcuffed and told that he was under arrest for possession of stolen property.

The two officers further testified that when they had first observed the bag it was lying on the grass mall about 10 feet from the curb at an intersection; that the area was well illuminated; that the bag was not hidden behind any trees, it was out in the open; that when they first examined the bag they observed that it contained a number of power tools and that the bottom of the bag was ripped; and that it appeared as though the bottom of the bag had started to fall out. The police also testified that they did not know that the tools had been stolen when they arrested the defendant, but that the area was known as a "heavy burglary area."

■ ■ The requirement that probable cause must be present before a person can be arrested is guaranteed by the Constitution through the Fourth and Fourteenth Amendments. Probable cause is equivalent to "reasonable cause to believe that such person has committed such crime". It is thus set forth as a standard for making an arrest without a warrant in CPL 140.10 (subd 1, par [b]).

■ In *People v Valentine* (17 NY2d 128, 132), the court stated that the standard of probable cause, as it applies to police, is that which would be probable cause to "a reasonable, cautious and prudent police officer". Although probable cause requires less proof than is required for a conviction, it does mean more than mere suspicion. It is well settled that behavior which is susceptible of innocent as well as culpable interpretation does not constitute probable cause *(People v De Bour,* 40 NY2d 210).

In *People v De Bour (supra,* pp 222-223), Judge WACHTLER, writing for the majority, stated: "In evaluating the police action we must consider whether or not it was justified in its inception and whether or not it was reasonably related in scope to the circumstances which rendered its initiation permissible *(People v Cantor,* 36 NY2d 106, 111). *We bear in mind that any inquiry into the propriety of police conduct must weigh the interference it entails against the precipitating and attending conditions.* By this approach various intensities of police action are justifiable as the precipitating and attendant factors increase in weight and competence. *The minimal intrusion of approaching to request information is permissible when there is some objective credible reason for that interference not necessarily indicative of criminality * * *. The next degree, the common-law right to inquire, is activated by a founded suspicion that criminal activity is afoot and permits a somewhat greater intrusion in that a policeman is entitled to interfere with a citizen to the extent necessary to gain explanatory information, but short of a forcible seizure (People v Cantor,* 36 NY2d, at p 114, *supra; People v Rosemond,* 26 NY2d 101; *People v Rivera,* 14 NY2d 441, 446, and authorities cited therein). *Where a police officer entertains a reasonable suspicion that a particular person has committed, is committing or is about to commit a felony or misdemeanor, the CPL authorizes a forcible stop and detention of that person (CPL 140.50, subd 1;* see *Terry v Ohio,* 392 US 1; *People v Cantor, supra).* A corollary of the statutory right to temporarily detain for questioning is the authority to frisk if the officer reasonably suspects that he is in danger of physical injury by virtue of the detainee being armed (CPL 140.50, subd 3). *Finally a police officer may arrest and take into custody a person when he has probable cause to believe that person has committed a crime, or offense in his presence (CPL 140.10). This synopsis represents the gradation of permissible police authority with respect to encounters with citizens in public places and directly correlates the degree of objectively credible belief with the permissible scope of interference."* (Emphasis supplied.)

■■ Applying this test to the facts herein, we find that the arresting officer, based upon his own testimony, did not have, at any time prior to his arrest of the defendant, reasonable cause to believe that the defendant had committed a crime. For all he knew the defendant may have been engaged in

perfectly lawful activity. It should be further noted that, at the time of arrest, the police officers were unaware that a burglary had been committed. (That fact alone would not require suppression if probable cause to arrest had existed.) The fact that the police officer's hunch regarding the defendant turned out to be correct cannot serve to establish the necessary probable cause *(People v De Bour,* 40 NY2d 210, 216, *supra; People v Scott D.,* 34 NY2d 483, 490).

The testimony of the police officers as to the reasons for arresting the defendant was devoid of articulable facts indicating that they had reasonable cause to believe that he had committed a crime. On the contrary, the facts articulated by the police officers consisted of nothing more than a number of innocent facts and observations which, while somewhat unusual if taken in the aggregate, hardly constituted reasonable cause to believe that the defendant had committed a crime.

There was no immediate urgency for the police officers to have summarily arrested the defendant. There is no indication that there was any volatile situation or danger to themselves. They could have stopped the defendant and the cab driver, detained them, and subjected them both to reasonable inquiry (see CPL 140.50, subd 1). There might very well have been a logical and innocent explanation for the defendant's actions. While it might be argued that the defendant's behavior was equivocal, "[t]he behavior, at most 'equivocal and suspicious', was not supplemented by any additional behavior raising 'the level of inference from suspicion to probable cause' " *(People v Brown,* 24 NY2d 421, 423; *People v Corrado,* 22 NY2d 308). If defendant had failed to provide a reasonable or logical response to questioning by the officers, then further appropriate action by the officers would have been justified.

In *People v Messina* (21 AD2d 821), cited in the dissent, the facts were entirely different from those in the instant case and that case has no application here.

■ To seize, frisk, handcuff and arrest an individual on the basis of the bare circumstances herein, including the absence of knowledge of the police officers as to the commission of any crime, without affording him an opportunity to explain his conduct, is to deprive him of his constitutional right against unreasonable seizure and arrest. To such a result we cannot subscribe.

SHAPIRO, J. (dissenting). Contending that the County Court

was in error when it suppressed both the physical evidence taken from the defendant and an oral statement made by him, the People appeal. Contrary to the view of the majority, I believe that the order appealed from should be reversed and the motion denied.

The only testimony heard by the hearing court was that of the two officers who arrested the defendant and the substance of their testimony is correctly set forth in the majority opinion. I would but add that when the defendant left the taxi and scooped up the bag he did not examine its contents and that when he was searched at the precinct, a wrench was found on his person. He said it had fallen from the bag and that he had picked it up. Later that evening, it was learned that the power tools found in the bag and the wrench found on the defendant's person had been stolen from the premises at 115-05 Parkway Drive, three houses south of the intersection at which the arrest was made.

In suppressing both the power tools and the defendant's statement the hearing court said: "All right. The Court finds that at the time that the Police witnesses [sic] the physical evidence in this case, they did not know that those items had, in fact, been stolen. They did not discover that these items were stolen until after the defendant had been arrested. The Court finds that the arrest made of the defendant was unlawful since the Police did not have reasonable and probable cause to believe that he was committing or had committed a crime. The application to suppress the physical evidence is, therefore, granted. Since the arrest was unlawful, the statement made by the defendant is tainted by that unlawful arrest, and the Court further suppresses the statement made by the defendant."

In thus deciding the issue before it, the hearing court placed undue emphasis on the fact that the police did not "know" that the power tools had "been stolen" at the time of the arrest. That is not the test, for a police officer is authorized to make an arrest for a crime not only when he "knows" that it has been committed, but also when he has "reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise" (CPL 140.10, subd 1, par [b]).

In *People v Messina* (21 AD2d 821) we held that a search and seizure was proper when based upon the reasonable belief of the police that the defendant had committed a burglary and

that "[t]he mere fact that, at the time of the search and seizure the police did not know about the specific burglary which had actually been committed" was immaterial.

Here the totality of the circumstances surrounding the defendant's conduct clearly gave the police "reasonable cause to believe" that the defendant had committed a crime and had come to collect the fruits of that crime. An owner of valuable power tools does not ordinarily abandon them. When coupled with the circumstance that it was nearly midnight when the taxicab in which the defendant was a passenger pulled up to almost the exact spot where the tools were and that he ran out of the cab and "scooped" up the bag without examining its contents, and with the knowledge of the police that the bag contained valuable power tools, their conclusion that the defendant already knew what was in the bag and that the tools were in fact the fruits of a theretofore committed crime was certainly a sensible one based not upon a mere "hunch" but upon probable cause.

While by a wild stretch of the imagination one could conjecture an innocent explanation for the defendant's conduct, the totality of the circumstances here points in the opposite direction and clearly establishes the existence of probable cause which, rationally interpreted, is merely a determination of probabilities (see *Brinegar v United States,* 338 US 160, 175). As the Court of Appeals said in *People v Santiago* (13 NY2d 326, 331), "reasonable cause to believe" that a crime has been committed requires only "grounds which would induce an ordinarily prudent and cautious man under the circumstances to believe likewise" or, as we said, the possession of information which would warrant "a man of reasonable caution" to believe that the person arrested had committed a crime *(People v Lombardi,* 18 AD2d 177, 180, affd 13 NY2d 1014).

Remembering that the requirement for probable cause to make an arrest requires far less proof than is required for a conviction *(People v Miner,* 42 NY2d 937; *People v White,* 16 NY2d 270, 273; *People v Fields,* 50 AD2d 870), it would be "ludicrous to say" that the facts here "are as consistent with the defendant's innocence as not" *(People v Borrero,* 26 NY2d 430, 436).

Under the circumstances the order of suppression should be reversed and the defendant's motion denied.

HOPKINS, J. P., and O'CONNOR, J., concur with MOLLEN, J.; SHAPIRO, J., dissents and votes to reverse the order and deny the motion, with an opinion, in which DAMIANI, J., concurs.

Order of the County Court, Nassau County, dated December 8, 1976, affirmed.