■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

KIM CRAYON, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered July 30, 1986, upon a verdict convicting defendant of the crime of burglary in the third degree.

On the evening of March 5, 1986 and early morning of March 6, 1986, defendant and Larry Hemingway, among others, were patrons at Mackey's Bar in the City of Albany. The bartender closed the bar that morning at approximately 3:45 A.M. That afternoon, upon learning that someone had broken into the bar, the bartender, accompanied by a police detective, investigated the scene. The rear entrance door had been pried open, allowing access to a storeroom. The door between the storeroom and the barroom had a fist-size hole punched through it and blood was found on the door, in puddles on the floor and elsewhere. A trail of blood led across the storeroom, out into an adjoining street and south down the street.

Hearing that he was a suspect, Hemingway came forward with information about the break-in. He reported to Detective Kenneth Kennedy that he heard a loud "boom" while he and others mingled outside the bar after it closed and noticed defendant walk by, coming from a lot near the rear of the bar. Later, Hemingway heard a second "boom" and, looking from his apartment window across the street from the bar, he again saw defendant coming from the direction of the bar's rear, this time wrapping something around his hand.

Kennedy proceeded to defendant's residence without an arrest warrant and, upon finding defendant's arm swathed in a large surgical bandage—defendant claimed he had been cut while working on a car—placed defendant under arrest and read him the *Miranda* warnings. At the police station, Kennedy informed defendant of Hemingway's statement and also that a call to a hospital revealed defendant had indeed been there the morning of the break-in. At that point defendant orally admitted breaking into the bar.

Following a suppression hearing, County Court ruled the confession admissible. Convicted thereafter of burglary in the third degree, defendant appeals; we affirm.

The overriding issue presented is whether reasonable cause, which in the context of an arrest has the same meaning as probable cause (*see, People v Johnson,* 66 NY2d 398, 402, n 2; *see also, People v Fields,* 50 AD2d 870, *revd on other grounds* 45 NY2d 986), existed to arrest defendant without a warrant (*see,* NY Const, art I, § 12; CPL 140.10). The primary basis for

defendant's arrest was Hemingway's account of what he had observed. In determining whether an informant's tip provides probable cause, the two-prong test set out in *Aguilar v Texas* (378 US 108, 114-115) and *Spinelli v United States* (393 US 410, 413), though abandoned by the United States Supreme Court *(Illinois v Gates,* 462 US 213, 238), has application in New York *(People v Johnson, supra,* at 400). That test requires that where probable cause is based upon information provided to police, the People must show that the informant (1) had an adequate basis of knowledge for the information he transmitted, and (2) that he is credible or his information is reliable.

Since Hemingway's information was based on personal knowledge, only his reliability is in dispute. In this regard, defendant points to the fact that Hemingway came forward only because he knew he was himself a suspect, that he has a criminal record and that the police had no prior experience with Hemingway as an informant. However, the correlation between information already known to the police and Hemingway's statement was sufficient to satisfy them of his reliability *(see, People v Rodriguez,* 52 NY2d 483, 489-490). The trail of blood from the punched-in door corresponded with Hemingway's description of the path defendant took leaving the area, with a wrapping around his hand. This was in turn verified by Kennedy when he called on defendant and found his arm heavily bandaged. Furthermore, as a suspect, Hemingway had an incentive to cooperate with the authorities *(see, supra,* at 490). Inasmuch as Kennedy had probable cause to believe defendant had committed the break-in at the bar, defendant's confession was properly allowed into evidence, which, in short, provided ample proof of defendant's guilt.

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.