# MAY 4, 1938

CLEVE BARNES V. THE STATE.

No. 19371.   Delivered February 9, 1938.
Rehearing denied May 4, 1938.

The opinion states the case.

*L. H. Welch,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to commit murder with malice aforethought and his punishment was assessed at confinement in the State Penitentiary for a term of two years.

This is the second appeal of this case. In the first opinion, published in 130 Texas Crim. Rep. 549, 95 S. W. (2d) 962, the facts of the case are sufficiently and concisely stated and differ in no material respect from those which developed at this trial; therefore, we deem it unnecessary to restate them.

Appellant first complains that the court erred in declining to sustain his motion to quash the indictment on the ground that the grand jury did not summon, examine or hear any witnesses, and did not hear and consider any competent testimony upon which to predicate its finding. It appears from the bill of exception that the grand jury, at a former term of said court, investigated the offense with which appellant is charged and

heard the testimony of a great number of witnesses, which was taken down by the court reporter, transcribed, and submitted to the grand jury which returned the indictment in the instant case.

The grand jury, under our system of government, is a separate tribunal whose proceedings are secret. They summon witnesses and the like and determine for themselves whether there are sufficient facts to justify an indictment. They alone are the judges of the competency and sufficiency of the testimony upon which they acted in returning a bill of indictment. A similar question has often been presented to this Court and held adversely to appellant's contention. See Lee v. State, 66 Texas Crim. Rep. 567; Kingsbury v. State, 37 Texas Crim. Rep. 259; Dockery v. State, 35 Texas Crim. Rep. 487.

Bill of exception number two recites that B. T. Bradford was permitted to testify that on the second day after the fire, he went to the place where the house was burned and made an examination of a tree in the corner of the yard. The bill fails to disclose that the witness testified as to what he found, if anything. Therefore, the bill fails to reflect error. The fact that the witness went to the place where the house was burned and examined a tree could not have prejudicially affected appellant.

By bills of exception numbers three, five and six, appellant complains of the testimony of Bradford and Seachrist to the effect that a day or two after the commission of the offense, they went to the place where the offense was committed and found marks on a tree which indicated that a shot had struck the tree. We think this testimony was admissible as a circumstance tending to support the State's theory that appellant who had a shotgun, fired upon the officers when they undertook to arrest him.

By bills of exceptions numbers seven, eight and nine, appellant complains of the testimony of P. D. Luce to the effect that he, Luce, examined the automatic shotgun reputedly used by appellant on the night in question. That he found one empty shell in the barrel, and that the gun was set for automatic action; that it was gummed up for lack of oil, which produced greater resistance and retarded efficient recoil. That it had two places to set it; one for high velocity ammunition and one for low or medium velocity shells. That if it was set for high velocity shells, and low or medium velocity shells were used, it would fail to eject the empty shell and fail to reload.

We think this testimony was admissible on the theory that it explained and accounted for the empty shell in the barrel of the automatic gun, and was a reason why appellant failed to

shoot more than once at the officers. It also tended to controvert the presumption arising from the fact that he had fired but once and that he did not intend to kill anyone; that if he had so intended, he would have continued. to shoot. See Fay v. State, 52 Texas Crim. Rep. 185; Holder v. State, 81 Texas Crim. Rep. 194.

Bills of exceptions numbers four, ten, eleven and twelve are without merit and are overruled.

Appellant urged a great number of objections to the court's charge. We have examined each of them in connection with the charge and reached the conclusion that the court made a fair application of the law to the facts, fully protecting appellant's legal rights.

Appellant complains because the court declined to submit to the jury his special requested charge number one, which reads as follows: "You are charged in this case, that if at the time of the alleged offenses as charged in the indictment herein the State witnesses R. E. Hickey and W. R. Clepper and the other witnesses with them at the time were concealed in the dark and defendant did not know of their presence, their official character and purpose, and the State witnesses committed the first overt acts by springing to their feet and firing pistols at the defendant, and the pistols used by the State witnesses and the means used by them at the time, were such as would have been calculated to produce the result of death, maiming or disfiguring of the defendant, it is presumed that the persons so using them designed to inflict the injury, and that if, at the time accused fired the shot, if he did, at W. R. Clepper, he, W. R. Clepper and the other State witnesses were making an attack upon defendant which, under the circumstances reasonably indicated an intention to murder, maim or disfigure him, the defendant, by shooting him with their pistols, and the weapons and the manner of their use by the State witnesses were calculated to produce murder, maiming or disfigurement, the law would presume that the State witnesses intended to murder defendant, and that if, under these circumstances, viewed from the accused's standpoint, he shot at the prosecuting witness W. R. Clepper, he should be found not guilty."

Appellant's special requested instruction number two is of similar import. He also objected to the court's charge, because no such instruction, or one of like import, was included by the court in his main charge.

We find ourselves unable to agree with him. The facts and circumstances proved show that appellant and Lemley went to the old E. Y. Jennings home in the nighttime and set it on

fire. In doing so, they were committing a felony in the presence of the officers who were concealed on the premises near the building. Consequently, the officers, or any other person in whose presence the offense was being committed, not only had a right to arrest him without a warrant and to resort to such means and measures as seemed necessary to accomplish that objective, but under subdivision seven of Article 1222, P. C., had a right to kill the appellant while fleeing from the scene of the burning building before its destruction. We are of the opinion that the appellant was not entitled to the instruction requested, and the court did not err in declining to submit the same to the jury.

Appellant, in support of his contention, cites us to the cases of Edwards v. State, 151 S. W. 294, and Gaither v. State, 3 S. W. (2d) 814. We agree with the principle therein announced, but the facts of the instant case are entirely different from the facts of the two cases above cited, and are readily distinguishable from the instant case.

In the Edwards case, the deceased and the appellant had become involved in a difficulty.. They had made friends again and appellant had gone to the room of the deceased at his request and invitation to spend the night. While in the room, the trouble was renewed, the State's theory being that the appellant was the aggressor. Appellant's testimony, and the evidence of other witnesses, was to the effect that while they were in the room, the deceased brought about the difficulty and approached the appellant with an iron bar of sufficient length and dimensions to have inflicted death or serious bodily injury. Appellant backed away from the deceased, picked up something which proved to be a piece of wood, and when deceased came upon him, he struck him with it.

In the Gaither case, it seemed that the appellant and the deceasd had become involved in some controversy prior to the time of the fatal difficulty. The deceased had made some serious threats against the appellant. After such threats were made, deceased came upon appellant in the dark and raised a gun, which led appellant to believe that deceased intended to shoot him. Whereupon he shot and killed the deceased.

It will be noted that in both of said cases, the facts are in no way analogous to the facts in the instant case; in neither of those cases had the appellant brought about the occasion for the necessity of acting in defense of his person. In the instant case, appellant and his companion were committing arson and were fleeing from the scene of the burning building at the time the officers undertook to arrest them. Hence, the requested instruc-

tion was not a correct pronouncement of the law applicable to the facts in the case.

If appellant had requested an instruction to the effect that unless the jury believed from the evidence beyond a reasonable doubt that he and Lemley had committed the offense of arson at the time the officers were firing upon him with pistols, then the law would presume that they intended to inflict death or serious bodily injury upon him. In such event, some such charge, or one of similar import, might have been proper. In the absence of the request, however, no error is presented.

We have carefully examined all of the other objections urged to the court's charge and reached the conclusion that the same are without merit.

There being no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that he was entitled to a charge on self-defense from the standpoint of an attempted illegal arrest.

Under the facts we can not agree with such contention. The jury were told if they found appellant had not either alone or acting with one Lemley committed the offense of arson, and that the officers fired at or toward them that they would have the right of self-defense, and that if appellant fired at the officers under such circumstances they would acquit him. This was all that appellant was entitled to under Article 1222, P. C. McKee v. State, 118 Texas Crim. Rep. 479, 42 S. W. (2d) 77; Williams v. State, 120 Texas Crim. Rep. 484, 48 S. W. (2d) 304. If appellant and Lemley had committed, or were engaged in committing, an offense which was a misdemeanor there would be ground for appellant's contention. In Reed v. State, 11 Texas Crim. App. 509, cited by appellant, this is made clear in the following language: "If he was engaged in the commission of a felony, and, to prevent its commission, the party seeing it or about to be injured thereby makes a violent assault upon him, calculated to produce death or serious bodily harm, and in resisting such attack he slay his assailant, the law would impute

the original wrong to the homicide and make it murder. But if the original wrong was or would have been a misdemeanor, then the homicide growing out of or occasioned by it, though in self-defense from an assault made upon him, would be manslaughter under the law."

We have considered the other matters presented in the motion for rehearing regarding criticism of certain portions of the court's instructions to the jury. When the charge is taken in its entirety we believe the criticisms are not meritorious.

The motion for rehearing is overruled.