Delfina CHAPA, Appellant,

v.

The STATE of Texas, Appellee.

No. 40807.

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

Gillespie & McClendon, by William J. Gillespie, Lubbock, for appellant.

Fred E. West, County Atty., Jack Lane, Asst. County Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is passing as true a worthless check; the punishment, a fine of $50.00.

In appellant's first ground of error, she contends that the complaint and information are fatally defective because they do not contain allegations that the check was presented and dishonored by the drawee, that the complaint is based on the complaining witness' knowledge or belief, and that the person defrauded by appellant's acts is not named.

Presentment and dishonor are not essential elements of the offense as set forth in Article 567b, Sec. 1, Vernon's Ann. P.C., and need only be alleged where reliance is had on the statutory presumption created in Sec. 2 of such Article. Royal v. State, Tex.Cr.App., 391 S.W.2d 410–411; Watson v. State, 154 Tex.Cr.R. 616, 229 S.W.2d 621. Since the State did not rely upon the statutory presumption, failure to allege presentment and dishonor was not error.

Article 15.05, Vernon's Ann.C.C. P. provides that all complaints will be sufficient, without regard to form, if it meets the substantial requisites set forth therein. The purpose of the complaint is to apprise the accused of the facts surrounding the offense with which he is charged in order to permit him to prepare a defense to such charge. Appellant, from reading the complaint, could ascertain with reasonable certainty with what she was being charged so as to properly prepare a defense. Vallejo v. State, Tex.Cr.App., 408 S.W.2d 113.

Appellant cites Barnes v. State of Texas, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818, and Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, in support of her contention that the complaint in the case before us does not measure up to the standards required by the Supreme Court. Barnes and Aguilar established standards for complaints upon which search warrants are issued, and those standards have no application to complaints which serve only as the basis for criminal prosecutions. Cisco v. State, Tex.Cr.App., 411 S.W.2d 547; Vallejo v. State, supra, and Aguirre v. State, Tex.Cr.App., 416 S.W.2d 406.

Appellant next contends that the failure to allege an intent to defraud a specific person renders the complaint void. The pertinent language of the complaint tracks with the language of Article 567b, V.A.P.C., and the form set out in Section 741, Willson's Criminal Forms, Seventh Edition. This Court has held in cases such as this that where a complaint and information are couched in the language of the statute creating the offense charged therein, they would not be void for failure to allege or charge an offense. Jones v. State, 154 Tex.Cr.R. 241, 226 S.W.2d 437; Ex parte Stewart, 160 Tex.Cr.R. 483, 271 S. W.2d 945; and Kuykendall v. State, 160 S.W.2d 525.

Putting aside the question of whether the evidence showed a presentment and dishonor, the evidence did show that the bank had closed appellant's account prior to the time the check was passed, thereby ren-

dering unnecessary proof of presentment and dishonor. Royal v. State, supra, and Watson v. State, supra.

 The statute, Article 567b, V.A.P.C., does not require the State to prove that value was received for the check in order to make out an offense of passing a worthless check, and even if such burden was on the State, we feel the burden was discharged by the following testimony of Officer J. T. Wilbanks, an employee of the injured party, Clark's Discount Center:

"Q. (By Mr. Layne, Assistant County Attorney): All right. Then it was within your personal knowledge that this check was exchanged for personal goods * * *

A. Yes, sir."

Norman v. State, 170 Tex.Cr.R. 25, 338 S.W.2d 714, on which appellant relies, is distinguishable both on its facts and on the requirements of the statute defining the offense in effect at the time of the trial. Prior to August 1963, the effective date of the present Article 567b, V.A.P.C., passing a worthless check required allegation and proof that there was an *intent to defraud to procure any article or thing of value,* etc. In the 1963 enactment of Article 567b, the Legislature omitted this requirement, retaining only the requirement of pleading and proving *intent to defraud.* Norman was a pre-1963 case, and is not controlling here, the case at bar coming under the 1963 enactment of Article 567b.

Appellant's final grounds of error relate to the failure of the injured party to give notice, as required in Sec. 2 of Article 567b, and of the failure of the State to show that such notice was given. As stated before, Sec. 2 of Article 567b establishes the requisites of a prima facie case and creates a statutory presumption for the State. Notice to the accused that the check was returned to the payee by the drawee is an essential element of the presumption. However, since the State did not rely on the statutory presumption but established its case by direct evidence, failure to comply with the requirements set out in Sec. 2, Art. 567b, does not vitiate the complaint or the conviction. Watson v. State, supra, and Royal v. State, supra.

The bank's records of appellant's account, copies of which were sent to the appellant, clearly show that appellant was on notice at the time she passed the check that her account was closed by the bank due to an existing overdraft.

Finding no reversible error, the judgment is affirmed.