**Ray Royce CARPENTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45032.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Thomas E. Lucas, Houston (appointed on appeal), for appellant.

Carol S. Vance, Dist. Atty., James Larkin, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder with malice. The jury assessed the punishment at life.

Appellant was indicted with another for the murder of James Warner Bricker. He initially pled not guilty after the State filed notice of intent to seek the death penalty. On January 15, 1970, during jury selection, the appellant and his co-defendant, by their counsel, personally and joined by the State, moved for a mistrial. The motion was granted, the State withdrew its notice to seek the death penalty, appellant changed his plea to guilty and filed his election to have the jury assess punishment. Appellant was admonished in the absence of a jury. A jury was selected, sworn, and had the indictment read to them. Appellant pled guilty before the jury and was again admonished. Witness-

es were called and testified without objection except for certain photographs which were withdrawn. The jury found the appellant guilty as instructed and assessed punishment at life.

■ In his first ground of error appellant contends the trial court erred in admonishing him and taking his plea of guilty before the jury empaneled to assess punishment after already having pled and been admonished outside their presence. He contends that the admonishment and plea before the jury were highly prejudicial and denied his right to a fair and impartial trial.

■ The issue is not before us since appellant pled guilty voluntarily and understandingly before a jury which waives all non jurisdictional defects including claimed deprivation of federal due process. See Pruitt v. State, Tex.Cr.App., 476 S.W.2d 693 (1972), and cases there cited.[1]

■ In his second and third grounds of error appellant attempts to urge jurisdictional defects by attacking the validity of the indictment. In each ground he does not allege error but he shows that he attempted to get the trial court, and now this Court, to go behind the face of the indictment to see if there was evidence to support it and to see if it was prepared according to Article 20.19, Vernon's Ann.C. C.P.

This Court has consistently refused to go behind the indictment where it is valid on its face when various errors were alleged. See Barnes v. State, 134 Tex.Cr.R. 461, 116 S.W.2d 408 (insufficient evidence); Bell v. State, 92 Tex.Cr.R. 342, 243 S.W. 1095 (illegal evidence); Buchanan v. State, 41 Tex.Cr.R. 127, 52 S.W. 769 (incompetent evidence).

Where the defendant sought to quash an indictment because the evidence before the grand jury was in the nature of "hearsay" the Supreme Court, speaking through Mr. Justice Black, stated:

". . . If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. *An indictment returned by a legally constituted and unbiased grand jury, * * * if valid on its face, is enough to call for trial of the charge on the merits.*" (Emphasis supplied) Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). See Ford v. United States, 233 F.2d 56 (5th Cir.), cert. denied 352 U.S. 833, 77 S.Ct. 49, 1 L.Ed.2d 53 (1956).

The Supreme Court further stated:

". . . In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial." Id., 350 U.S. at 364, 76 S.Ct. at 409.

We decline to open the door to the interminable delays which would undoubtedly result without any reasonable expectation of adding to the assurance of a fair trial by allowing defendants to inquire into an indictment valid on its face returned by a legally constituted and unbiased grand jury.

No error is shown. The judgment is affirmed.

ODOM, J., not participating.

---

1. Such an admonishment before the jury could be prejudicial where it becomes necessary to withdraw the plea of guilty and enter a plea of not guilty. Wilson v. State, Tex.Cr.App., 436 S.W.2d 542. In the present case the appellant did not withdraw his plea of guilty.