Herbert Lee KNOX, Appellant,

v.

The STATE of Texas, Appellee.

No. 56363.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 19, 1979.

Donald B. Dailey, Jr., Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and Eric G. Brown, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin, where the punishment was assessed by the jury at five (5) years, probated.

Appellant's sole contention is that the heroin in question was seized incident to an unlawful arrest and hence was inadmissible in evidence. Appellant argues that the court erred in overruling his supplemental motion to suppress because the affidavit or complaint on which the capias ordering the arrest of the appellant was not based on probable cause.

On May 5, 1976 a complaint and information were filed in County Court at Law No. 5 of Nueces County charging appellant with the offense of theft. Omitting the formal parts, the complaint reads:

"Before me, the undersigned authority, on this day personally appeared David L. Castillo who, after being duly sworn, on oath deposes and says that he has good reasons to believe and does believe that heretofore, to-wit on or about the 2nd day of May, A. D. 1976, and anterior to the filing of this complaint, in the County of Nueces and State of Texas, one Herbert Lee Knox did then and there unlawfully appropriate property, other than real property, to wit: a tire and rim of the value of $20.00 or more but less than

$200.00 without the effective consent of Tradewinds Ford, the owner thereof, and with the intent to deprive Tradewinds Ford of said property . . . ."

On the same date the complaint and information were filed the clerk issued a capias ordering the arrest of the appellant. On May 6, 1976 Detective David L. Castillo and Officer Flores of the Corpus Christi Police Department executed the capias. They observed the appellant outside a drive-in grocery. They identified themselves and told appellant he was under arrest. He was removed from his car and frisked, which frisk revealed a needle and syringe. Detective Castillo then entered appellant's vehicle, and as he did, he observed a cup covered with tinfoil on the console. He examined the cup, removing the tinfoil, and found it to contain a white powdery substance which was later shown to contain heroin.

In *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), the United States Supreme Court wrote:

"The decisions of this Court concerning Fourth Amendment probable-cause requirements before a warrant *for either arrest or search* can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Rugendorf v. United States,* 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958)." (Emphasis supplied.) See also *Barnes v. Texas,* 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818 (1965); *Barnes v. State,* 390 S.W.2d 266 (Tex.Cr. App.1965) (on remand).

Further, the Supreme Court has held that the exclusionary rule was applicable to state prosecutions, *Mapp v. Ohio,* 367 U.S.

643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), and that the same probable cause standards were applicable to federal and state warrants under the Fourth and Fourteenth Amendments. Still further, see Article I, § 9, Texas Constitution; cf. Article 38.23, V.A.C.C.P.

■ In *Evans v. State* , 530 S.W.2d 932 (Tex.Cr.App.1975), and *Lowery v. State*, 499 S.W.2d 160 (Tex.Cr.App.1973), this court applied the rule of *Whiteley* to felony arrest warrants issued by justices of the peace pursuant to sworn complaints. In those cases it was held that the complaints upon which the arrest warrants were issued did not contain sufficient information to show probable cause. The rule, however, is not limited to felony arrest warrants but applies to misdemeanor arrest warrants as well.

*Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972), held that municipal court clerks who were authorized by city charter to issue warrants for arrest of persons charged with breach of municipal ordinances qualified as "neutral and detached magistrates" for purposes of the Fourth Amendment, where they were removed in their work and were subject to supervision of municipal court judges. Thus, it is clear that the Supreme Court has drawn no distinction between felony and misdemeanor cases with regard to the rule discussed in *Whiteley*.

■ An examination of the complaint in the instant case reveals that it consists of nothing more than a conclusion that the appellant perpetrated the theft offense described in the complaint. The actual basis for the complainant's conclusion is omitted from the complaint. The complaint contains no allegations that the complainant spoke with personal knowledge of the matters contained herein and did not indicate any source for the complainant's belief, nor set up sufficient information to support an independent judgment that probable cause existed.

There being no probable cause set forth in the complaint, the arrest of appellant by capias was illegal and the search of appellant and his car was also illegal and tainted thereby. The admission into evidence of the fruits of the search was reversible error.[1]

The judgment is reversed and the cause remanded.

ROBERTS, Judge, concurring.

By reversing the judgment on the issue of probable cause, the majority opinion reaches the right result for the wrong reason. The majority opinion addresses the question of probable cause as though the capias had been issued after an erroneous determination of probable cause by a magistrate. This treatment ignores the crucial feature of the case: The parties seem to agree that the issuance of the capias was an automatic, ministerial act of the deputy district clerk, which involved no exercise of discretion. The question is not whether there was an erroneous determination of probable cause, for there was no determination at all.

The question is whether the constitutional prohibitions against the issuance of warrants without probable cause (United States Constitution, Amendment IV; Texas Constitution, Article I, Section 9) forbid an arrest under authority of a capias issued without a magistrate's determination of probable cause. We should hold that such arrests (and the searches conducted incident to them) violate the state and federal constitutions.

---

1. The holding today should not be confused with those cases which hold that the requisites of an affidavit or complaint or a complaint and information *to support a prosecution* are not as stringent as the requirements of a complaint or affidavit for a search warrant or an arrest warrant by which there might be a search incident to arrest. See *Wells v. State*, 516 S.W.2d 663 (Tex.Cr.App.1974); *Cisco v. State*, 411 S.W.2d 547 (Tex.Cr.App.1967); *Chapa v. State*, 420 S.W.2d 943 (Tex.Cr.App.1967). In *Chapa*, this court wrote: "The purpose of the complaint is to apprise the accused of the facts surrounding the offense with which he is charged in order to permit him to prepare a defense to such charge."

Because the arrest was invalid for this reason, we need not consider the appellant's argument that the complaint failed to state probable cause. *Coolidge v. New Hampshire*, 403 U.S. 443, 449, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). *Coolidge* held that before a reviewing court proceeds to the issue of probable cause, it must first be satisfied that the warrant was issued by a neutral and detached magistrate. The reason is that the requirement that a neutral and detached magistrate evaluate the officer's evidence of probable cause is the "point" of the Fourth Amendment. *Johnson v. United States*, 333 U.S. 10, 13, 68 S.Ct. 367, 92 L.Ed. 436 (1948). It is "the very heart of the Fourth Amendment directive" not only that an officer have probable cause, but that he present it to a magistrate and get a warrant. *United States v. United States District Court*, 407 U.S. 297, 316, 92 S.Ct. 2125, 2136, 32 L.Ed.2d 752 (1972). The existence of probable cause will not excuse the failure to get a warrant from a magistrate who has made such a determination. *United States v. United States District Court*, supra; *Coolidge v. New Hampshire*, supra; *Johnson v. United States*, supra; *Agnello v. United States*, 269 U.S. 20, 33, 46 S.Ct. 4, 70 L.Ed. 145 (1925); *Stoddard v. State*, 475 S.W.2d 744, 749–750 (Tex.Cr.App. 1972). These authorities demonstrate that, if no constitutionally valid warrant was obtained (and there was no justification for a search without a warrant), the existence or nonexistence of probable cause is irrelevant.

Several opinions of the Supreme Court of the United States indicate that it would be unconstitutional to make an arrest on the authority of a warrant issued without a magistrate's determination of probable cause. The Court recently has delivered a dictum expressly to that effect. See *Gerstein v. Pugh*, 420 U.S. 103, 118, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), discussed below.

In *Albrecht v. United States*, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927), a bench warrant issued when the United States attorney filed an information. The affidavits supporting the information were defective. The Court held that the arrest on the warrant violated the Fourth Amendment. In part I of *Coolidge v. New Hampshire*, 403 U.S. 443, 449–453, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the Court held that a search warrant may be issued only by a neutral and detached magistrate, and that a prosecutor is not such a magistrate. Compare *Mancusi v. DeForte*, 392 U.S. 364, 371, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968). (I note that, if the county clerk automatically issues a capias when the prosecutor files an information and complaint, then the Texas prosecutor effectively determines when this writ shall issue.) In *Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972), the Court held that a municipal court clerk who was an employee of the judicial branch subject to the judge's supervision, and who was not connected with police or prosecution, and who was competent to make the determination, could function as a magistrate and determine whether complaints showed probable cause for the issuance of an arrest warrant. From these holdings, and from the constitutional provisions cited above, we can state the constitutional requirements for the issuance of an arrest warrant when a misdemeanor[1] prosecution is instituted: A neutral and detached magistrate who is competent to make the determination must determine from the complaint that there is probable cause to issue the warrant.

A system which allowed a court to issue an arrest warrant solely on the filing of the prosecutor's information once existed in the Philippine Islands, and it was upheld in *Ocampo v. United States*, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231 (1914). But "the result reached in *Ocampo* is incompatible with the later holdings of *Albrecht, Cool-*

---

1. A felony indictment is assumed to be a conclusive showing of probable cause. *Ex parte United States*, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283 (1932). See *Barnes v. State*, 134 Tex.Crim. 461, 116 S.W.2d 408 (1938). There-

fore, there is no need for a magistrate to determine probable cause. *Brown v. State*, 475 S.W.2d 938 (Tex.Cr.App.1971); *Gerstein v. Pugh*, 420 U.S. 103, 117, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (dictum).

idge, and *Shadwick*." *Gerstein v. Pugh*, 420 U.S. 103, 118, 95 S.Ct. 854, 865 fn. 20, 43 L.Ed.2d 54 (1975) (dictum).

The issuance of the capias in this case was essentially identical to the issuance of the arrest warrant in *Ocampo*, supra. As the holdings discussed above imply, and as the dictum in *Gerstein*, supra, expressly states, the Fourth Amendment will not countenance an arrest based upon a warrant which issues automatically without a determination of probable cause by a neutral and detached magistrate. A result which upholds the procedure by which the capias issued in this case is equally incompatible with the constitutional doctrines that I have discussed above.

I pause at this point to address a problem of terminology. A capias is not a "warrant of arrest," as defined in V.A.C.C.P., Article 15.01, and the person who is seized when a capias is executed is not "arrested" within the meaning of V.A.C.C.P., Article 15.22. But the statutes stated explicitly that a capias is a writ that orders, and is executed by making, an arrest. See V.A.C.C.P., Articles 23.01, 23.02(2), 23.05, 23.06, and 23.10 through 23.17. For the purposes of our constitutional considerations, there is no substantive difference between an arrest warrant and a capias. My references to "warrants" include both the "warrant of arrest" and the "capias."

"A 'capias' is a writ issued by the court or clerk, and directed 'To any peace officer of the State of Texas', commanding him to arrest a person accused of an offense and bring him before that court immediately, or on a day or at a term stated in the writ." V.A.C.C.P., Article 23.01. In felony cases, the statutes clearly state who issues the capias and when it issues: "A capias shall be immediately issued by the district clerk upon each indictment for felony presented . . . ." V.A.C.C.P., Article 23.03(a). In misdemeanor cases, the statutes say only that, "In misdemeanor cases the capias or summons shall issue from a court having jurisdiction of the case." V.A.C.C.P., Article 23.04 (in pertinent part). The statute leaves open the question of what showing

must be made for the issuance of a capias in a misdemeanor case, and the possibilities that the capias in a misdemeanor case may be issued only by the court, or by either the court or the clerk.

We must keep in mind the rule of statutory construction that when two interpretations are possible, one constitutional and the other not, the constitutional interpretation must prevail. *Townsend v. State*, 427 S.W.2d 55 (Tex.Cr.App.1968). There is no indication that the Legislature intended to authorize any of the unconstitutional procedures which we have discussed. We should avoid such unconstitutional procedures by our construction of the capias statutes.

If there is any indication of legislative intent, it is this: A capias may be issued by the court or clerk. V.A.C.C.P., Article 23.-01. In felony cases, the clerk shall issue the capias. V.A.C.C.P., Article 23.03(a). If the Legislature intended that the clerk also should issue automatically a capias in misdemeanor cases, there would have been no purpose in authorizing the court to issue a capias.

Therefore, we should hold that the capias statutes (V.A.C.C.P. chapter 23) do not authorize a clerk to issue a capias merely on the filing of a complaint and information which charge a misdemeanor offense; a neutral and detached magistrate who is competent to make the determination must determine from the complaint that there is probable cause to issue a capias for an arrest. The standard of probable cause must be the same as is required for a warrant of arrest. See *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

We also should hold that it is a violation of the United States Constitution, Amendments IV and XIV, and the Texas Constitution, Article I, section 9, for a person to be arrested on the authority of a misdemeanor capias that issued without a determination of probable cause by a neutral and detached magistrate. Consequently, searches and seizures that are conducted incident to such arrests would be unconstitutional, and evidence obtained thereby might not be admit-

ted at trial. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); V.A.C. C.P., Article 38.23.

The question of whether a county clerk (or his deputy) can act as a neutral and detached magistrate in determining probable cause[2] is not before us, for no such action was attempted in this case. Also not before us is the question of whether a capias may issue in a misdemeanor case, without a determination of probable cause, to continue the confinement of a defendant who already has been arrested properly under V.A.C.C.P., chapter 14 or 15. The validity of the felony capias also is not questioned.[3]

Neither the majority opinion nor my opinion would affect the requisites of affidavits, complaints, and informations to support a prosecution. A misdemeanor conviction will not be reversed because no magistrate determined probable cause before the complaint and information were filed. *Tarlton v. State*, 578 S.W.2d 417 (Tex.Cr. App.1979). The standards of probable cause to issue a warrant are different from the standards of notice in a charging instrument. *Chapa v. State*, 420 S.W.2d 943 (Tex. Cr.App.1967).

I concur in the result.

---

**2.** See *Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972).

