**The STATE of Texas, Appellant,**

v.

**Louis Edward NEWTON, Appellee.**

**No. 2–89–107–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 13, 1989.

Tim Curry, Crim. Dist. Atty., and Betty Marshall, Asst., Fort Worth, for appellant.

Richard Alley and Mark Pluskey, Fort Worth, for appellee.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

The State appeals an order of the trial court granting a motion to suppress evidence and dismissing the information filed against Louis Edward Newton, the appellee, for driving while intoxicated. In two points of error, the State urges that the trial court erred in granting both motions.

We reverse and set aside the order of the trial court granting Newton's motion to suppress evidence and the motion to set aside the information, and remand this cause for further proceedings consistent with this opinion. We find that the magistrate's finding of no probable cause to hold Newton on a charge of D.W.I. did not shift the burden of proof from Newton to establish that there was no probable cause for his stop, the search of his vehicle, or for his arrest. We also find that the magistrate's finding of no probable cause does not preclude a subsequent prosecution for the offense.

■ The State contends in point of error number one that the trial court erred in granting Newton's motion to suppress evidence. Newton filed a motion to suppress evidence on the basis that following his arrest, a Fort Worth municipal judge had released him, finding a lack of probable cause, and that therefore there was no probable cause to stop his vehicle, to search him or his automobile, or to arrest him. Newton also filed a motion to set aside the information based on a prior judicial finding of no probable cause.

The only evidence presented at the hearing on the motions was evidence of the original decision of the magistrate that there was no probable cause. No evidence of the underlying facts was presented.

■ As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App. 1986) (opinion on reh'g). In this case, Newton presented no evidence defeating the presumption of proper police conduct. Consequently, there is no evidence supporting the trial court's order granting Newton's motion to suppress evidence.

Newton contends that his introduction of the magistrate's finding of no probable cause defeated the presumption, thereby placing the burden of proof on the State. We first note that the magistrate's ruling only related to the question as to whether he had sufficient information before him to justify holding Newton further for the offense. The magistrate made no finding that there was no probable cause for Newton's stop, the search of his vehicle, or his arrest. We sustain point of error number one.

■ The State contends in point of error number two that the trial court erred in granting Newton's motion to set aside the information. Again, the only basis alleged for the dismissal of the information was the city magistrate's finding of no probable cause to hold Newton pending the filing of charges. There is no prohibition against prosecution after an accused adult is discharged at an examining trial. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim. App. [Panel Op.] 1982). We therefore see no basis for dismissal of this prosecution based on the magistrate's preliminary finding of no probable cause.

Newton relies on the case of *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). In *Gerstein*, the United States Supreme Court held that the Fourth Amendment to the United States Constitution requires a timely judicial determination of probable cause as a prerequisite to detention. *Id.*, 95 S.Ct. at 869. The Supreme Court indicated that the issue before it only related to the issue of pretrial custody. *Id.* at 867. Nothing in that opinion would preclude a prosecution by information after a magistrate's finding of no probable cause,

although there might be some questions relating to the pre-trial detention of such an accused. We sustain point of error number two.

We reverse and set aside the orders of the trial court granting Newton's motion to suppress evidence and his motion to set aside the information, and remand this cause for further proceedings consistent with this opinion.