# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00616-CR

**Robert Alexander, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
## NO. 0996049, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

Appellant Robert Alexander was indicted for possession of less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West Supp. 2001). He filed a pretrial motion to suppress all evidence arising from his arrest, the district court denied his motion, and appellant pled guilty pursuant to a plea bargain agreement. On appeal, appellant contends the district court erred in denying his motion to suppress. We will affirm.

At about 10:00 p.m. on October 30, 1999, Austin Police Officers Bryant and Chrisman were on patrol in an area known for drug sales. Bryant said these sales usually occurred outside, in front yards or in the street. They approached the end of a dead-end street where there was a vacant lot and a house. Bryant knew the house's owner and had regular contact with her about drug activity in the area and was familiar with the adult occupants of the house. Bryant and Chrisman saw several people "loitering" at the end of the street near the house, so they got out of their car and approached the group to investigate for potential drug activity. Appellant was one of the people standing at the

end of the street, and Bryant thought appellant did not live at the house. Bryant could not remember if appellant was standing in the yard or in the street. Bryant said it had been raining that night but it was not raining when they got out of their car.

Officer Chrisman testified that he saw appellant standing with several people to the north of a "narcotics house" at the end of the street. As Chrisman and Bryant began walking toward the group, the people started heading in different directions. Chrisman said he kept his eye on appellant because appellant does not live on the street, the police had dealt with him in the past for illegal drug involvement, and the street was known for drug trafficking. When Chrisman first saw appellant, appellant appeared to be "palming" a small black object, keeping it mostly hidden inside his hand. Appellant walked "with urgency" toward a trash can with Chrisman about ten feet behind him. Appellant quickly put his hand into the trash can; when he removed his hand, it was empty. Chrisman looked inside the trash can and saw a black-handled crack pipe containing residue lying on top of the trash. The pipe was dry and did not have water inside of it, whereas everything else in the can was very wet because it had been raining all day. Chrisman said "[t]he black end [of the pipe] was exactly what I saw that was in [appellant's] hand earlier." Chrisman then arrested appellant, who denied that the pipe was his, for possession of drug paraphernalia. Chrisman did not see any of the other people go near the trash can. The group was not within arm's reach of the can, but was about seven to ten feet away.

Chrisman said he did not see anyone in the group do anything illegal before he and Bryant began to approach them. Chrisman said there was a streetlight near the group of people. Chrisman was suspicious of appellant because he "knew [appellant] didn't belong there."

2

After arresting appellant, Chrisman "created a probable cause affidavit" describing the night's events. The affidavit was presented to a municipal judge, who refused to issue an arrest warrant, noting "insuf pc." The affidavit was then presented to a second municipal judge, who issued an arrest warrant. Appellant moved to suppress the evidence on grounds that the first municipal court judge had rejected Chrisman's affidavit and that appellant's arrest was illegal, without probable cause, and unconstitutional. The district court overruled appellant's motion to suppress, noting that appellant could appeal that ruling, and appellant entered a plea of not guilty. On appeal, he argues (1) the court should have adopted the first municipal court's determination of no probable cause, (2) his encounter with the police violated his constitutional rights, and (3) the police lacked probable cause to arrest him.

Appellant argues that the first municipal judge's finding of insufficient probable cause was a "factual finding and legal conclusion for constitutional purposes," and the district court was collaterally bound by that ruling to suppress the evidence. Appellant "suggest[s] that the trial court lacked the discretion to disregard or set aside the municipal court's findings," but cites no authority for that proposition. We disagree.

Appellant correctly states that an arrest must be supported by probable cause. *See Whiteley v. Warden*, 401 U.S. 560, 564 (1971); *Sharp v. State*, 677 S.W.2d 513, 517-18 (Tex. Crim. App. 1984). The State does not dispute that rule of law. However, appellant goes further and contends that the district court was bound by the first magistrate's finding of no probable cause. We have found no support for appellant's argument that a district court may not re-examine the issue of

3

probable cause at trial.[1]  Indeed, we have found case law indicating that the rule is to the contrary.

*See Ex parte Robinson*, 641 S.W.2d 552, 556 (Tex. Crim. App. 1982) (magistrate's finding of no probable cause does not bar later grand jury indictment because magistrate's determination was not final judgment and indictment was proceeding between same parties in which issue was relitigated); *State v. Rodriguez*, 11 S.W.3d 314, 322-24 (Tex. App.—Eastland 1999, no pet.) (after trial court suppressed evidence in misdemeanor trial, state proceeded with felony charges arising out of same facts; court rejected argument that finding of no probable cause in misdemeanor trial had collateral effect in felony trial); *Montalvo v. State*, 846 S.W.2d 133, 136-37 (Tex. App.—Austin 1993, no pet.) (trial court first suppressed evidence, then "reopened" evidence; court found defendant waived error by failing to present record from suppression hearings and rejected argument that state waived complaint by not filing interlocutory appeal of initial suppression); *Ex parte Lane*, 806 S.W.2d 336, 340 (Tex. App.—Fort Worth 1991, no pet.) (declining to use collateral estoppel to bar prosecution "following determination that there is not 'proof evidence' to support the denial of bail" because no

---

[1] None of the cases to which appellant cites – *Gerstein v. Pugh*, 420 U.S. 103 (1975), *Whiteley v. Warden*, 401 U.S. 560 (1971), *Sharp v. State*, 677 S.W.2d 513 (Tex. Crim. App. 1984), and *Knox v. State*, 586 S.W.2d 504 (Tex. Crim. App. 1979) – support his claim that the magistrate's determination of insufficient probable cause should have a collateral effect on the admissibility of evidence. *Gerstein* holds that a defendant is entitled to have probable cause determined by someone independent of the police or the prosecutor's office; such a determination may be made by a magistrate in a non-adversarial proceeding. *Gerstein*, 420 U.S. at 117-18, 120. In *Whiteley*, the arrest warrant was based on an affidavit stating a sheriff had received an anonymous tip that the defendant had committed a robbery. *Whiteley*, 401 U.S. at 562-63.  The court held there was no probable cause for the arrest because the affidavit consisted of nothing more than the sheriff's conclusion that the defendant had committed the crime and "clearly could not support a finding of probable cause by the issuing magistrate." *Id.* at 565, 568-69. *Sharp* holds that a magistrate must determine probable cause for an arrest and order the issuance of an arrest warrant. *Sharp*, 677 S.W.2d at 518. *Knox* holds that because an arrest warrant was only supported by an affidavit that did not set forth probable cause, the arrest was illegal. *Knox*, 586 S.W.2d at 506.

evidence that state or defendant had tailored evidence and procedure at bail hearing to "achieve a fundamentally final result"); *State v. Newton*, 780 S.W.2d 957, 958-59 (Tex. App.—Fort Worth 1989, no pet.) ("magistrate's finding of no probable cause does not preclude a subsequent prosecution for the offense"). We reject appellant's argument that an initial probable cause determination by a magistrate should be binding in later proceedings.[2] Otherwise, as pointed out by the State, once a magistrate found there was probable cause to support an arrest, a defendant could never challenge that determination at trial. We overrule appellant's first issue on appeal.

In his second issue, appellant contends the district court erred in refusing to suppress the evidence because his encounter with the police violated his constitutional rights. He argues that the police illegally targeted him when they approached appellant. Appellant argues that his alleged abandonment of the crack pipe was in response to illegal activity by the police and that a reasonable person under the same circumstances would not have felt free to ignore the police as they approached.

The question is whether appellant abandoned the crack pipe voluntarily or in response to illegal police activity, and we hold his action was voluntary. The police did not act illegally in approaching appellant and the group of people with whom he stood. The police decided to investigate a situation that appeared suspicious based on several articulable facts—a group of people was standing in an area known to be frequented by drug users, the officers knew that some of the

---

[2] In a footnote, appellant argues that the State's obtaining the warrant from the second magistrate was reprehensible "judge shopping" that flagrantly violates the intent of the Fourth Amendment. However, because appellant presents no argument or authority to support his contention and does not cite to any point in the record where he raised this complaint before the district court, appellant has waived this complaint. *See* Tex. R. App. P. 33.1(a), 38.1(h).

group did not live on the street in question, and at least one of the people was known to have been involved in illegal drugs in the past. *See Michigan v. Chesternut*, 486 U.S. 567, 569, 575-76 (1988) (police car caught up to and drove alongside pedestrian who then threw packet of drugs into gutter; police action did not constitute detention and was not so intimidating to make pedestrian believe he was not free to disregard police presence); *see also Florida v. Royer*, 460 U.S. 491, 497-98 (1983) (officer may approach individual and ask questions so long as individual is free to ignore officer and walk away); *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995) (same). The officers walked in appellant's general direction, but did not walk "at" him. Chrisman said he did not make eye-contact with appellant but rather watched appellant's hands. Chrisman admitted that he watched appellant because appellant had been involved with illegal drugs in the past, but appellant could not have read Chrisman's mind to know that. *See Chesternut*, 486 U.S. at 575 n.7. Unlike *Hawkins v. State*, 758 S.W.2d 255 (Tex. Crim. App. 1988), appellant walked to the garbage can and discarded the crack pipe voluntarily.[3] *See Hawkins*, 758 S.W.2d at 260. The police officers had not asked appellant to stop, had not attempted to curtail his movements, and did not approach him from opposite sides. *See id.* Appellant obviously believed his movement was not curtailed because he

---

[3] Appellant relies heavily on *Hawkins v. State*, 758 S.W.2d 255 (Tex. Crim. App. 1988). A patrol officer saw Hawkins, who was known to have dealt in illegal drugs, in a parking lot. 758 S.W.2d at 256. The officer did not state he had observed any illegal activity. *Id.* The officer approached Hawkins, calling out that he wanted to talk to him; Hawkins called back something unintelligible and walked away. *Id.* The officer continued to follow Hawkins and used his radio to call another patrol unit; he did not intend to arrest Hawkins but only intended to talk to him and to see whether he was carrying a gun. *Id.* Another officer approached Hawkins from the opposite direction. *Id.* at 256-57. Hawkins threw a bag containing drugs into a ditch, and the second officer, believing he was being attacked, grabbed Hawkins and pushed him against a car. *Id.* at 257. Because the police lacked "specific and articulable facts" to justify stopping Hawkins in the first place, the investigative stop was held illegal and Hawkins was held to have abandoned the bag involuntarily. *Id.* at 260-61.

moved away from the approaching officers, walked to the garbage can, put the pipe in the garbage can, and stepped away. Chrisman did not stop appellant's movement until he found the pipe. Appellant's behavior was not triggered by any illegal police activity and his abandonment of the pipe was voluntary. *See Chesternut*, 486 U.S. at 569, 575-76. The abandonment being voluntary, appellant had no expectation of privacy with regard to the pipe and the pipe was not seized illegally. *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997). We overrule appellant's second issue on appeal.

In his third issue, appellant contends his arrest was illegal because the officers had no probable cause to believe the crack pipe found in the trash was appellant's. When the determination of probable cause involves an evaluation of credibility or demeanor or an application of the law to facts involving such an evaluation, we afford almost total deference to the trial court's determination. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When the credibility of the testifying officers is not at issue, we review a determination of probable cause *de novo*. *Id*.; *State v. Garrett*, 22 S.W.3d 650, 654 (Tex. App.—Austin 2000, no pet.). Appellant does not attack the officers' credibility and in fact asks that we review the district court's determination *de novo*. *Guzman*, 955 S.W.2d at 89.

Probable cause exists when the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that a particular person has committed or is committing an offense. *Id.* at 90; *Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991); *Garrett*, 22 S.W.3d at 653-54. Chrisman testified that he saw appellant holding a "little black thing" in the palm of his hand.

7

Chrisman saw appellant place that hand inside the mouth of the garbage can; when appellant withdrew his hand from the garbage can, his hand was open and empty. Chrisman looked in the garbage can and saw a crack pipe with a black plastic handle. Chrisman stated that, "The black end was exactly what I saw that was in [appellant's] hand earlier." The pipe was dry and lying on top of the other trash that was wet from earlier rain. Appellant argues that another person standing with appellant might have discarded the pipe and, while this may be true, that other scenarios might be possible does not render Chrisman's determination of probable cause invalid. We hold Chrisman had probable cause to believe that the crack pipe in the trash can was the same item appellant had been holding in his hand as Chrisman approached. We overrule appellant's third issue on appeal.

Having overruled all of appellant's issues, we affirm the district court's judgment of conviction.

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: August 30, 2001

Do Not Publish

8