TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00616-CR






Robert Alexander, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 0996049, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING







 Appellant Robert Alexander was indicted for possession of less than one gram of
cocaine. See Tex. Health & Safety Code Ann. § 481.115 (West Supp. 2001). He filed a pretrial
motion to suppress all evidence arising from his arrest, the district court denied his motion, and
appellant pled guilty pursuant to a plea bargain agreement. On appeal, appellant contends the district
court erred in denying his motion to suppress. We will affirm.

 At about 10:00 p.m. on October 30, 1999, Austin Police Officers Bryant and
Chrisman were on patrol in an area known for drug sales. Bryant said these sales usually occurred
outside, in front yards or in the street. They approached the end of a dead-end street where there was
a vacant lot and a house. Bryant knew the house's owner and had regular contact with her about
drug activity in the area and was familiar with the adult occupants of the house. Bryant and
Chrisman saw several people "loitering" at the end of the street near the house, so they got out of
their car and approached the group to investigate for potential drug activity. Appellant was one of
the people standing at the end of the street, and Bryant thought appellant did not live at the house.
Bryant could not remember if appellant was standing in the yard or in the street. Bryant said it had
been raining that night but it was not raining when they got out of their car.

 Officer Chrisman testified that he saw appellant standing with several people to the
north of a "narcotics house" at the end of the street. As Chrisman and Bryant began walking toward
the group, the people started heading in different directions. Chrisman said he kept his eye on
appellant because appellant does not live on the street, the police had dealt with him in the past for
illegal drug involvement, and the street was known for drug trafficking. When Chrisman first saw
appellant, appellant appeared to be "palming" a small black object, keeping it mostly hidden inside
his hand. Appellant walked "with urgency" toward a trash can with Chrisman about ten feet behind
him. Appellant quickly put his hand into the trash can; when he removed his hand, it was empty. 
Chrisman looked inside the trash can and saw a black-handled crack pipe containing residue lying
on top of the trash. The pipe was dry and did not have water inside of it, whereas everything else
in the can was very wet because it had been raining all day. Chrisman said "[t]he black end [of the
pipe] was exactly what I saw that was in [appellant's] hand earlier." Chrisman then arrested
appellant, who denied that the pipe was his, for possession of drug paraphernalia. Chrisman did not
see any of the other people go near the trash can. The group was not within arm's reach of the can,
but was about seven to ten feet away.

 Chrisman said he did not see anyone in the group do anything illegal before he and
Bryant began to approach them. Chrisman said there was a streetlight near the group of people. 
Chrisman was suspicious of appellant because he "knew [appellant] didn't belong there."

 After arresting appellant, Chrisman "created a probable cause affidavit" describing
the night's events. The affidavit was presented to a municipal judge, who refused to issue an arrest
warrant, noting "insuf pc." The affidavit was then presented to a second municipal judge, who
issued an arrest warrant. Appellant moved to suppress the evidence on grounds that the first
municipal court judge had rejected Chrisman's affidavit and that appellant's arrest was illegal,
without probable cause, and unconstitutional. The district court overruled appellant's motion to
suppress, noting that appellant could appeal that ruling, and appellant entered a plea of not guilty.
On appeal, he argues (1) the court should have adopted the first municipal court's determination of
no probable cause, (2) his encounter with the police violated his constitutional rights, and (3) the
police lacked probable cause to arrest him.

 Appellant argues that the first municipal judge's finding of insufficient probable cause
was a "factual finding and legal conclusion for constitutional purposes," and the district court was
collaterally bound by that ruling to suppress the evidence. Appellant "suggest[s] that the trial court
lacked the discretion to disregard or set aside the municipal court's findings," but cites no authority
for that proposition. We disagree.

 Appellant correctly states that an arrest must be supported by probable cause. See
Whiteley v. Warden, 401 U.S. 560, 564 (1971); Sharp v. State, 677 S.W.2d 513, 517-18 (Tex. Crim.
App. 1984). The State does not dispute that rule of law. However, appellant goes further and
contends that the district court was bound by the first magistrate's finding of no probable cause. We
have found no support for appellant's argument that a district court may not re-examine the issue of
probable cause at trial. (1) Indeed, we have found case law indicating that the rule is to the contrary. 
See Ex parte Robinson, 641 S.W.2d 552, 556 (Tex. Crim. App. 1982) (magistrate's finding of no
probable cause does not bar later grand jury indictment because magistrate's determination was not
final judgment and indictment was proceeding between same parties in which issue was relitigated);
State v. Rodriguez, 11 S.W.3d 314, 322-24 (Tex. App.--Eastland 1999, no pet.) (after trial court
suppressed evidence in misdemeanor trial, state proceeded with felony charges arising out of same
facts; court rejected argument that finding of no probable cause in misdemeanor trial had collateral
effect in felony trial); Montalvo v. State, 846 S.W.2d 133, 136-37 (Tex. App.--Austin 1993, no pet.)
(trial court first suppressed evidence, then "reopened" evidence; court found defendant waived error
by failing to present record from suppression hearings and rejected argument that state waived
complaint by not filing interlocutory appeal of initial suppression); Ex parte Lane, 806 S.W.2d 336,
340 (Tex. App.--Fort Worth 1991, no pet.) (declining to use collateral estoppel to bar prosecution
"following determination that there is not 'proof evidence' to support the denial of bail" because no
evidence that state or defendant had tailored evidence and procedure at bail hearing to "achieve a
fundamentally final result"); State v. Newton, 780 S.W.2d 957, 958-59 (Tex. App.--Fort Worth
1989, no pet.) ("magistrate's finding of no probable cause does not preclude a subsequent
prosecution for the offense"). We reject appellant's argument that an initial probable cause
determination by a magistrate should be binding in later proceedings. (2) Otherwise, as pointed out by
the State, once a magistrate found there was probable cause to support an arrest, a defendant could
never challenge that determination at trial. We overrule appellant's first issue on appeal.

 In his second issue, appellant contends the district court erred in refusing to suppress
the evidence because his encounter with the police violated his constitutional rights. He argues that
the police illegally targeted him when they approached appellant. Appellant argues that his alleged
abandonment of the crack pipe was in response to illegal activity by the police and that a reasonable
person under the same circumstances would not have felt free to ignore the police as they
approached.

 The question is whether appellant abandoned the crack pipe voluntarily or in response
to illegal police activity, and we hold his action was voluntary. The police did not act illegally in
approaching appellant and the group of people with whom he stood. The police decided to
investigate a situation that appeared suspicious based on several articulable facts--a group of people
was standing in an area known to be frequented by drug users, the officers knew that some of the
group did not live on the street in question, and at least one of the people was known to have been
involved in illegal drugs in the past. See Michigan v. Chesternut, 486 U.S. 567, 569, 575-76 (1988)
(police car caught up to and drove alongside pedestrian who then threw packet of drugs into gutter;
police action did not constitute detention and was not so intimidating to make pedestrian believe he
was not free to disregard police presence); see also Florida v. Royer, 460 U.S. 491, 497-98 (1983)
(officer may approach individual and ask questions so long as individual is free to ignore officer and
walk away); Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995) (same). The officers
walked in appellant's general direction, but did not walk "at" him. Chrisman said he did not make
eye-contact with appellant but rather watched appellant's hands. Chrisman admitted that he watched
appellant because appellant had been involved with illegal drugs in the past, but appellant could not
have read Chrisman's mind to know that. See Chesternut, 486 U.S. at 575 n.7. Unlike Hawkins v.
State, 758 S.W.2d 255 (Tex. Crim. App. 1988), appellant walked to the garbage can and discarded
the crack pipe voluntarily. (3) See Hawkins, 758 S.W.2d at 260. The police officers had not asked
appellant to stop, had not attempted to curtail his movements, and did not approach him from
opposite sides. See id. Appellant obviously believed his movement was not curtailed because he
moved away from the approaching officers, walked to the garbage can, put the pipe in the garbage
can, and stepped away. Chrisman did not stop appellant's movement until he found the pipe. 
Appellant's behavior was not triggered by any illegal police activity and his abandonment of the pipe
was voluntary. See Chesternut, 486 U.S. at 569, 575-76. The abandonment being voluntary,
appellant had no expectation of privacy with regard to the pipe and the pipe was not seized illegally. 
McDuff v. State, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997). We overrule appellant's second
issue on appeal.

 In his third issue, appellant contends his arrest was illegal because the officers had
no probable cause to believe the crack pipe found in the trash was appellant's. When the
determination of probable cause involves an evaluation of credibility or demeanor or an application
of the law to facts involving such an evaluation, we afford almost total deference to the trial court's
determination. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When the credibility
of the testifying officers is not at issue, we review a determination of probable cause de novo. Id.;
State v. Garrett, 22 S.W.3d 650, 654 (Tex. App.--Austin 2000, no pet.). Appellant does not attack
the officers' credibility and in fact asks that we review the district court's determination de novo. 
Guzman, 955 S.W.2d at 89.

 Probable cause exists when the facts and circumstances within an officer's knowledge
and of which he has reasonably trustworthy information are sufficient to warrant a person of
reasonable caution in the belief that a particular person has committed or is committing an offense. 
Id. at 90; Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991); Garrett, 22 S.W.3d at 653-54. Chrisman testified that he saw appellant holding a "little black thing" in the palm of his hand. 
Chrisman saw appellant place that hand inside the mouth of the garbage can; when appellant
withdrew his hand from the garbage can, his hand was open and empty. Chrisman looked in the
garbage can and saw a crack pipe with a black plastic handle. Chrisman stated that, "The black end
was exactly what I saw that was in [appellant's] hand earlier." The pipe was dry and lying on top
of the other trash that was wet from earlier rain. Appellant argues that another person standing with
appellant might have discarded the pipe and, while this may be true, that other scenarios might be
possible does not render Chrisman's determination of probable cause invalid. We hold Chrisman
had probable cause to believe that the crack pipe in the trash can was the same item appellant had
been holding in his hand as Chrisman approached. We overrule appellant's third issue on appeal.

 Having overruled all of appellant's issues, we affirm the district court's judgment of
conviction.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: August 30, 2001

Do Not Publish

1. None of the cases to which appellant cites - Gerstein v. Pugh, 420 U.S. 103 (1975), Whiteley
v. Warden, 401 U.S. 560 (1971), Sharp v. State, 677 S.W.2d 513 (Tex. Crim. App. 1984), and Knox
v. State, 586 S.W.2d 504 (Tex. Crim. App. 1979) - support his claim that the magistrate's
determination of insufficient probable cause should have a collateral effect on the admissibility of
evidence. Gerstein holds that a defendant is entitled to have probable cause determined by someone
independent of the police or the prosecutor's office; such a determination may be made by a
magistrate in a non-adversarial proceeding. Gerstein, 420 U.S. at 117-18, 120. In Whiteley, the
arrest warrant was based on an affidavit stating a sheriff had received an anonymous tip that the
defendant had committed a robbery. Whiteley, 401 U.S. at 562-63. The court held there was no
probable cause for the arrest because the affidavit consisted of nothing more than the sheriff's
conclusion that the defendant had committed the crime and "clearly could not support a finding of
probable cause by the issuing magistrate." Id. at 565, 568-69. Sharp holds that a magistrate must
determine probable cause for an arrest and order the issuance of an arrest warrant. Sharp, 677
S.W.2d at 518. Knox holds that because an arrest warrant was only supported by an affidavit that
did not set forth probable cause, the arrest was illegal. Knox, 586 S.W.2d at 506. 
2. In a footnote, appellant argues that the State's obtaining the warrant from the second magistrate
was reprehensible "judge shopping" that flagrantly violates the intent of the Fourth Amendment. 
However, because appellant presents no argument or authority to support his contention and does
not cite to any point in the record where he raised this complaint before the district court, appellant
has waived this complaint. See Tex. R. App. P. 33.1(a), 38.1(h). 
3. Appellant relies heavily on Hawkins v. State, 758 S.W.2d 255 (Tex. Crim. App. 1988). A
patrol officer saw Hawkins, who was known to have dealt in illegal drugs, in a parking lot. 758
S.W.2d at 256. The officer did not state he had observed any illegal activity. Id. The officer
approached Hawkins, calling out that he wanted to talk to him; Hawkins called back something
unintelligible and walked away. Id. The officer continued to follow Hawkins and used his radio to
call another patrol unit; he did not intend to arrest Hawkins but only intended to talk to him and to
see whether he was carrying a gun. Id. Another officer approached Hawkins from the opposite
direction. Id. at 256-57. Hawkins threw a bag containing drugs into a ditch, and the second officer,
believing he was being attacked, grabbed Hawkins and pushed him against a car. Id. at 257. 
Because the police lacked "specific and articulable facts" to justify stopping Hawkins in the first
place, the investigative stop was held illegal and Hawkins was held to have abandoned the bag
involuntarily. Id. at 260-61.