IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-219-CR


AND


NO. 3-92-220-CR




CHARLES NATHAN CHOATE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL

DISTRICT


NOS. 91-554-K26 & 91-284-K26, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING


 





PER CURIAM

 In number 3-92-219-CR, appellant pleaded guilty and judicially confessed to the
felony offense of bail jumping. Tex. Penal Code Ann. § 38.11 (West 1989). In number
3-92-220-CR, appellant pleaded guilty and judicially confessed to theft of services having a value
of $750 or more. Tex. Penal Code Ann. § 31.04 (West 1989 & Supp. 1993). In each cause,
appellant also pleaded true to two previous felony convictions alleged for enhancement of
punishment. The district court found appellant guilty in each cause and, pursuant to a plea
bargain agreement, assessed punishment at imprisonment for thirty years.

 Appellant's court-appointed attorney filed briefs in which he concludes that the
appeals are frivolous and without merit. The briefs meet the requirements of Anders v.
California, 386 U.S. 738 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See also Penson v. Ohio, 488
U.S. 75 (1988); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State,
485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Copies of counsel's briefs were
delivered to appellant, and appellant was advised of his right to examine the appellate record and
to file a pro se brief. A pro se brief has been filed.

 In his first pro se point of error, appellant complains of excessive pretrial bail. 
Because he has been tried and convicted, this complaint is moot. The point of error is overruled.

 In point of error two, appellant contends that the State secured his indictment for
theft of services by presenting false evidence to the grand jury. This Court may not go behind
the face of the indictment to see if there was evidence to support it. Carpenter v. State, 477
S.W.2d 22 (Tex. Crim. App. 1972). Point of error two is overruled.

 Appellant's third point of error alleges that his pleas of guilty were not knowingly
and voluntarily made, but were compelled by fear, threats, and coercion by the prosecutor and
defense counsel. None of the facts recited by appellant in this point of error are reflected in the
record. Nothing is presented for review. The third point of error is overruled.

 In point of error four, appellant claims that the State withheld favorable evidence. 
Again, the facts recited under this point of error are not supported by the record before us. Point
of error four is overruled.

 In point of error five, appellant claims that the theft indictment alleges an
impossible date. His argument under this point, however, is an attack on the sufficiency of the
evidence. All elements of the offense were proved by appellant's judicial confession. The fifth
point of error is overruled.

 Finally, appellant asserts that the district court erroneously admonished him as to
the range of punishment. Appellant argues that the punishment range mentioned by the court
exceeds that applicable to third degree felonies. The record reflects, however, that appellant was
properly admonished as to the range of punishment attached to a third degree felony enhanced by
two previous felony convictions. The sixth point of error is overruled.


 The judgments of conviction are affirmed. 


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed on Both Causes

Filed: May 5, 1993

[Do Not Publish]