OPINION OF THE COURT
Jerome Hornblass, J.
Defendant was arrested on July 21, 1978 and charged with misdemeanors including:
Conspiracy in the third degree (Penal Law, § 105.05); reckless endangerment of property (Penal Law, § 145.25); resisting arrest (Penal Law, § 205.30) and reckless driving (Vehicle and Traffic Law, § 1190).
Defendant was arraigned in the Criminal Court on these charges and entered a plea of not guilty on July 21, 1978.
After two adjournments the case appeared before me on September 13, 1978. Defendant, pursuant to CPL 170.75 (repealed, eff Sept. 1, 1978) moves for a preliminary hearing on the charges. The District Attorney opposes the motion.
The New York State Legislature in an Extraordinary Session on July 14, 1978, repealed, effective September 1, 1978, CPL 170.75 by section 10 of chapter 481 of the Laws of 1978.
 The initial inquiry then becomes whether the action of *159 the Legislature in abolishing preliminary hearings contravenes the requisites of due process, bearing in mind the strong presumption of constitutionality which duly enacted legislation is entitled. (People v Pagnotta, 25 NY2d 333.) Gerstein v Pugh (420 US 103) held that the Fourth Amendment requires that the State provide a fair and reliable determination of probable cause as a prerequisite to extended restraint of liberty after arrest.
Clearly a defendant has a substantial stake in having a probable cause determination within a reasonable time after arrest. But, it certainly seems to be a legislative matter to determine the appropriate procedural mechanism needed to effectuate this right. The defendant has little, if any, cognizable interest in the particular method selected so long as such mechanism complies with the dictates of due process and the Fourth Amendment.
Regarding incarcerated defendants, the State of New York fulfills its mandate through various mechanisms. For instance, our accusatory instruments to be deemed sufficient must establish reasonable cause to believe that the defendant has committed the offense charged therein. (Pitler, NY Crim Prac under CPL, ch 6, p 277.) Moreover, CPL 170.70 adequately deals with the situation where an incarcerated defendant is being prosecuted on a misdemeanor complaint. Though such an instrument may be based solely upon hearsay and thus would be insufficient to establish probable cause (Aguilar v United States, 378 US 108), CPL 170.70 provides for the release of a defendant on his own recognizance — within five days upon a failure of the People to replace a misdemeanor complaint with an information. But, it should be noted such section is applicable only to incarcerated defendants. A defendant arrested upon a misdemeanor complaint but not incarcerated, has no right to demand an immediate conversion, though such complaint is based solely upon uncorroborated hearsay. Therefore, such a defendant, if arrested without a warrant, will have no probable cause determination prior to trial. Gerstein v Pugh (420 US 103, 114, supra), however, can be read to require a probable cause determination whether or not the defendant is incarcerated. "Even pretrial release may be accompanied by burdensome conditions that affect a significant restraint of liberty.” But see People v Shing (83 Misc 2d 462, 467): "The defendants having all been released on their own recognizance, they are not subject to any significant *160 restraint of their liberty and therefore are not constitutionally entitled to even the limited Fourth Amendment judicial determination provided for in the Gerstein decision.”
This court is of the opinion that a defendant may in unusually burdensome circumstances be able to show that he is being subjected to a significant pretrial restraint of liberty, notwithstanding the fact that he is not incarcerated pending trial — immediate loss of job, suspension of license, or stigma with resulting diminished reputation in community. (See Board of Regents v Roth, 408 US 564.) In such cases the court may conduct an inquiry at arraignment to determine if probable cause exists. Where the defendant fails to show such significant restraint of liberty the protections provided in CPL 30.30 are sufficient. Such section clearly enumerates the time constraints within which a defendant must be brought for trial.
When a probable cause inquiry is mandated, the Gerstein court (420 US 103, supra) intimated that the full panopoly of adversary safeguards — counsel, confrontation, cross-examination, and compulsory process for witnesses — would not be required. "These adversary safeguards are not essential for the probable cause determination required by the Fourth Amendment.” (Gerstein v Pugh, 420 US 103, 120, supra.) The use of an informal procedure, said the court, is justified not only by the lesser consequences of a probable cause determination, but also by the nature of the determination itself. "It does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt.” (Gerstein v Pugh, 420 US 103, 121, supra.)
We now turn to the issue of whether the present policy regarding preliminary hearings may be retroactively applied to defendants arrested before September 1, 1978.
Pursuant to section 10 of article I of the United States Constitution, the States are prohibited from passing ex post facto laws. The classic definition of "ex post facto law” is set forth in the landmark decision of Calder v Bull (3 Dallas [3 US] 386, 390): "[1] Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes [it]. [2] Every law that aggravates [punishment for] a crime, or makes it greater than it was, when committed. [3] Every law that changes the punishment, *161 and inflicts a greater punishment, than the law annexed to the crime, when committed. [4] Every law that alters the legal rules of evidence, and [permits conviction of the offender on less] or different, testimony, than the law required at the time of the commission of the offense”. In People ex rel. Pincus v Adams (274 NY 447) the New York Court of Appeals asserted that a statute by reason of working a substantial detriment to the accused may be deemed ex post facto although it does not come within the precise categories enumerated in Calder (supra). And the due process clauses of the United States and New York State Constitutions must be carefully considered in any situation where an individual contends that he is being deprived through State action of a vested, substantive right.
As regard to the issue at hand, I note that in Beazell v Ohio (269 US 167, 170) the Supreme Court held that statutory changes in the mode of the trial or the rules of evidence, which do not deprive the accused of a defense and which operate only in limited and unsubstantial manner to his disadvantage are not prohibited. Whether an alteration of procedure is "of sufficient moment to transgress the constitutional prohibition cannot be embraced within a formula or stated in general proposition. The distinction is one of degree.” (Beazell, supra, p 171.)
Therefore, whether a procedural change accrues to the proportions of an ex post facto law depends upon its effect on the accused. (United States v Henson, 486 F2d 1292.) In United States v Hall (6 Crunch [10 US] 171) the court defined an ex post facto statute as one which "in relation to the offense or its consequences alters the situation of a party to its disadvantage * * * takes away or impairs the defense which the law has provided the defendant at the time of offense.”
Applying the above-enumerated standards to the case at bar, this court finds that the retroactive application of section 10 of chapter 481 of the Laws of 1978 does not amount to an ex post facto law nor does it contravene the due process clauses of the United States and New York State Constitutions. The Legislature’s elimination of the preliminary hearing does not extraordinarily burden the defendant so as to deprive him of substantial right, but rather as a mere alteration in court procedure, it ought to be respected.
A defendant has little interest in the particular procedural mechanism, which our Legislature selects to vindicate his substantive right to a pretrial probable cause determination; *162 so long as such mechanism, comports with the dictates of due process and the Fourth Amendment — it must be a fair and reliable procedure. It is within the Legislature’s constitutional mandate to repeal CPL 170.75. It is worth noting that prior to September 1, 1978 no option for a preliminary hearing existed for defendants charged with misdemeanors in localities outside of the City of New York and this procedure has not been upset by New York State courts. Therefore, in the totality of all the statutory protections stated above, the defendant suffers no substantive burden by the repeal of CPL 170.75 and the retroactive application of section 10 of chapter 481 of the Laws of 1978 does not abridge any of his vested or constitutional rights. Motion for a preliminary hearing is denied.