**John Brent TARLTON, Jr., Appellant,**

v.

**The STATE OF Texas, Appellee.**

**Nos. 57833–57837.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 21, 1979.

Alex P. LeFeuvre (on appeal only), Snyder, for appellant.

George R. Killam, Jr., County Atty., Snyder, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

These five causes are all appeals from misdemeanor convictions for driving while intoxicated. See Article 6701*l*–1, V.A.C.S. The penalties assessed in the respective causes are as follows: six months' imprisonment and $50.00 fine; two years' imprisonment and a $500.00 fine, probated; 3 days' imprisonment and a $100.00 fine; three days' imprisonment and a $100.00 fine; and three days' imprisonment and a $200.00 fine.

Appellant presents one ground of error in all five causes which contends that the trial court reversibly erred in failing to sustain his exception to the complaint and information because he was not afforded a hearing before a neutral and detached magistrate on the question of "probable cause" before the complaints and informations were filed against him. He seeks to rely on the au-

thority of *Pugh v. Rainwater*, 355 F.Supp. 1286 (S.D.Fla.1973), sub nom. *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) and *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Insofar as appellant relies on *Coolidge* for the proposition that the prosecutor and police officers do not constitute the neutral and detached magistrate envisioned under the case law on the Fourth Amendment to the United States Constitution, he is correct. However, this conclusion does not settle the case before us. The record reflects that in each of the above-referenced causes appellant was released within 24 hours of his arrest on a $1,000.00 bond. In each of the causes the complaint and information were filed on or before the day appellant received his magistrate's warnings and was arraigned. See Articles 15.17 and 14.06, V.A.C.C.P. It is undisputed that no preliminary examination was conducted before any magistrate to determine whether probable cause existed for the filing of the complaints and informations charging driving while intoxicated. Further, it is apparent that the arrests of appellant for driving while intoxicated were warrantless arrests.

Notwithstanding the unquestioned authority of *Gerstein v. Pugh*, supra, and the problems of enforcement of the rights accorded thereunder, we do not believe that appellant's convictions must be reversed.

First, it is noted that the Supreme Court in *Gerstein v. Pugh* dwelt on the need for a neutral and detached magistrate to determine probable cause for "detention." As the Court stated, one of the two questions presented by the case was "whether a person arrested and held for trial on an information is entitled to a judicial determination of probable cause for detention . ." *Id.* 420 U.S. at 111, 95 S.Ct. at 861. The Court referred to the "consequences of prolonged detention," but further stated that "Even pretrial release may be accompanied by burdensome conditions that effect a significant restraint of liberty." *Id.* 420 U.S. at 114, 95 S.Ct. at 863. The Court referred to 18 U.S.C. Sec. 3146(a)(2), (5) when discussing conditions that may cause a significant restraint. Those conditions referred to "restrictions on the travel, association, or place of abode of the person during the period of release; or . . . any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours." It is noted that the bonds in appellant's case required only that the appellant make his personal appearance at the county court on a date certain and remain available until discharged. Therefore, the conditions of appellant's pretrial release did not constitute "a significant restraint of liberty." *Id.*

Second, the Court stated that they "adhere to the Court's prior holding that a judicial hearing is not prerequisite to prosecution by information." *Id.* 420 U.S. at 119, 95 S.Ct. at 865.

> Thus, as the court of appeals noted below, although a suspect who is presently detained may challenge the probable cause for that confinement, the conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause.

*Id.* 420 U.S. at 119, 95 S.Ct. at 865–866.

 Therefore, for the two distinct reasons that the failure to accord the probable cause hearing will not vitiate a conviction subsequent to such an omission and the fact that appellant was released before trial from custody without significant restraints on his liberty, his single ground of error in all causes is overruled.

There being no reversible error, the judgments are affirmed.