■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVON GAMBLE, Appellant. [718 NYS2d 408] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered September 12, 1995, convicting him of murder in the second degree and robbery in the first degree, upon 'a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence and his statement to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that the arresting officer lacked

probable cause to arrest him because the information provided by a fellow officer had come from an anonymous source for which there was no independent indicia of reliability. The defendant's contention is meritless. The record establishes that the source of the fellow officer's information was an identified citizen, namely, that officer's cousin. Moreover, even if the source of the information had been anonymous, the People adequately met the two-pronged *Aguilar-Spinelli* test (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v Ketcham,* 93 NY2d 416, 420). The basis of the informant's knowledge included, *inter alia,* her personal observations at the time of the shootings, as well as her personal knowledge of the defendant. In addition, the independent investigations by the police corroborated much of the information provided by the informant, thereby establishing her reliability. Accordingly, the defendant's arrest was based upon probable cause.

The defendant's remaining contentions are without merit. Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.