[809 NYS2d 729]

WILLIAM J. FITZPATRICK, as District Attorney of Onondaga County, Respondent, v KATE ROSENTHAL, as Syracuse City Court Judge, Appellant, et al., Defendant.

Fourth Department, February 3, 2006

## APPEARANCES OF COUNSEL

*J. Scott Porter*, Seneca Falls, for appellant.

*William J. Fitzpatrick, District Attorney*, Syracuse (*Victoria M. White* of counsel), respondent pro se.

## OPINION OF THE COURT

HURLBUTT, J.P.

Plaintiff, the District Attorney of Onondaga County (District Attorney), commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking a writ of prohibition and declaratory relief. For the reasons set forth *infra*, we agree with Supreme Court that this is properly a declaratory judgment action inasmuch as a writ of prohibition does not lie under the circumstances presented herein. We further conclude that the court erred in declaring that five felony complaints dismissed pursuant to CPL 140.45 by defendant Kate Rosenthal, Syracuse City Court Judge, are facially sufficient, in reinstating those felony complaints, and in remitting the matter to Syracuse City Court for further proceedings consistent with its decision. We thus conclude that the judgment insofar as appealed

from should be reversed and that judgment should be granted in favor of Judge Rosenthal.

## Background

On February 17, 2005, defendant Ortez W. Madison, having been arrested without a warrant, was arraigned in Syracuse City Court on five felony complaints before Judge Rosenthal. Each such felony complaint is affirmed under penalty of perjury by a detective from the Syracuse Police Department, and each contains, as required by CPL 100.15 (3), a factual recitation of the conduct constituting the crimes charged in the various complaints, including reckless endangerment, criminal possession of a weapon, robbery, and assault. The complaints further recite that the sources of the affirming detective's information are "eyewitness accounts." No witness statement or police report was attached to any of the felony complaints.

At arraignment, Madison's attorney asserted that the felony complaints were "facially insufficient." The Assistant District Attorney contended that the felony complaints were "legally sufficient," and that, in determining the validity of the felony complaints, Judge Rosenthal was required by law to consider evidentiary material submitted ex parte by the People for in camera review. Judge Rosenthal refused to consider any such ex parte submission and dismissed the felony complaints based on her determination that they were not facially sufficient.

The District Attorney then commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to prohibit Judge Rosenthal from: (a) questioning the truth of the facts contained in sworn felony complaints in the context of CPL 140.45 review; (b) dismissing any felony complaint under CPL 140.45 without determining that it would be impossible to "draft" a sufficient felony complaint by "examining any and all facts and evidence being made available, including in camera review of confidential police reports where such reports are made available"; (c) requiring "actual or de-facto amendment" of felony complaints to avoid their dismissal; and (d) making public or providing to Madison any confidential witness statements or any confidential document submitted to Judge Rosenthal for in camera review. The District Attorney also sought declaratory relief pursuant to CPLR 3001, viz., a declaration imposing on Judge Rosenthal and "other Judges of preliminary jurisdiction" a duty to adhere to the strictures encompassed in the requested prohibition relief.

Notwithstanding that the relief sought relates only to the asserted requirement that Judge Rosenthal consider extraneous material in her CPL 140.45 review of a felony complaint, the District Attorney also alleged, as did the Assistant District Attorney appearing before Judge Rosenthal, that the subject felony complaints are facially sufficient. Supreme Court so found, reasoning that, under the "more relaxed requirement" for felony complaints, the reference in the subject felony complaints to "eyewitness accounts" as the basis for the factual allegations renders them facially sufficient under CPL 100.40 (4) (b) and 70.10 (2).

Judge Rosenthal contends on appeal, inter alia, that (1) the subject felony complaints are not facially sufficient; (2) a local criminal court's determination of the facial sufficiency of a felony complaint does not encompass in camera review of confidential witness statements or police reports submitted ex parte by the People; and (3) the court improperly granted declaratory relief.

### Facial Sufficiency

■ Where, as here, a police officer makes an arrest without a warrant, the officer "must . . . bring the arrested person or cause him to be brought before a local criminal court and file therewith an appropriate accusatory instrument charging him with the offense or offenses in question" (CPL 140.20 [1]). Where the offense charged is a felony, the "appropriate accusatory instrument" is a felony complaint, which "serves to commence a criminal action but not as a basis for prosecution thereof" (CPL 1.20 [8]). When a defendant is arraigned on an accusatory instrument such as a felony complaint, the court acquires jurisdiction to "exercise control over [the defendant's] person with respect to such accusatory instrument and [to set] the course of further proceedings in the action" (CPL 1.20 [9]; see CPL 180.10). Upon the arraignment, if the felony complaint

"is not sufficient on its face, as prescribed in section 100.40, and if the court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face, it must dismiss such accusatory instrument and discharge the defendant" (CPL 140.45).

A felony complaint is

"sufficient on its face when:

"(a) [i]t substantially conforms to the requirements prescribed in section 100.15; and

"(b) [t]he allegations of the factual part of such accusatory instrument and/or any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument" (CPL 100.40 [4]).

Here, it is undisputed that the subject felony complaints generally are in conformance with the organizational requirements of CPL 100.15. Instead, the disputed issue is whether the felony complaints demonstrate the requisite reasonable cause to believe that a person has committed an offense, within the meaning of CPL 70.10 (2). Such reasonable cause

"exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in [the CPL], such apparently reliable evidence may include or consist of hearsay" (id.).

The "reasonable cause" standard defined in CPL 70.10 (2) and referenced in CPL 100.40 (4) (b) is, not coincidentally, also the statutory standard for determining whether a person was lawfully arrested (see CPL 140.10 [1]). We note, moreover, that reasonable cause is the equivalent of probable cause (see People v Maldonado, 86 NY2d 631, 635 [1995]; People v Wharton, 60 AD2d 291, 293 [1977], affd 46 NY2d 924 [1979], cert denied 444 US 880 [1979]), the constitutional prerequisite for a lawful arrest. "The [constitutional] standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent [person] in believing that the (suspect) had committed or was committing an offense' " (Gerstein v Pugh, 420 US 103, 111 [1975], quoting Beck v Ohio, 379 US 89, 91 [1964]). Where a demonstration of probable or reasonable cause is based on hearsay information, New York courts apply the Aguilar-Spinelli test, requiring that the hearsay affiant establish "that the informant had some basis for the knowledge . . . transmitted . . . and that [the informant] was reliable" (People v Bigelow, 66 NY2d 417, 423 [1985]; see People v DiFalco, 80 NY2d 693, 696 [1993]; People v Johnson, 66 NY2d 398, 402 [1985]; see generally People v Davis, 170 Misc 2d 987, 994 [1996]; People v Born, 166 Misc 2d 757, 759-761 [1995]).

The hearsay-based felony complaints before us fail to meet either prong of the *Aguilar-Spinelli* test. In *People v Parris* (83 NY2d 342 [1994]), the Court of Appeals concluded that an arrest made by a police officer based on hearsay information imparted by a fellow officer and attributed to an eyewitness was unlawful under the "basis-of-knowledge prong of *Aguilar-Spinelli*" and thus was not based on the requisite probable cause (*id.* at 350). In so concluding, the Court reasoned that

> "the suppression court was relegated to reliance upon [the hearsay information imparted to the arresting officer, and that officer's] conclusory characterization of the neighbor/informant as an 'eyewitness[,'] in order to determine the reliability of the information claimed to have established probable cause. This, however, is precisely what the *Aguilar-Spinelli* standard was designed to avoid" (*id.*).

As Judge Rosenthal correctly contends, the subject felony complaints also fail to establish the reliability of the informant prong of the *Aguilar-Spinelli* test. No information was furnished to the court concerning whether the "eyewitness accounts" came from an anonymous or a paid informant, in which event an independent showing of reliability would have been required, or whether those accounts came from an identified citizen informant, in which event there would be no need to furnish further evidence of reliability (*cf. Parris*, 83 NY2d at 349-350; *People v Hicks*, 38 NY2d 90, 94-95 [1975]; *People v Gamble*, 279 AD2d 478, 478-479 [2001], *lv denied* 96 NY2d 829 [2001]). We thus conclude that Supreme Court erred in granting judgment declaring that the felony complaints are facially sufficient.

## Consideration of "available facts or evidence"

The District Attorney nevertheless contends that, even if the felony complaints are facially insufficient, Judge Rosenthal erred, and exceeded her judicial authority, by refusing to consider in camera the Assistant District Attorney's proffered ex parte submission of the police investigation report or, in the alternative, an oral synopsis of the contents of that report. The District Attorney relies on CPL 140.45, which provides in relevant part that the arraigning court "must dismiss" an accusatory instrument "if the court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face." The District Attorney points to that language in support of his

contention that Judge Rosenthal was required to consider the proffered "confidential" material and that, if that material demonstrated reasonable cause to believe that Madison had committed the crimes with which he was charged, Judge Rosenthal was required to "proceed[ ] to the next step in an arraignment—the question of custody in the context of bail"— and was not permitted to dismiss the felony complaints.

We reject that contention. As noted above, a facially sufficient accusatory instrument—one that establishes reasonable cause to believe that the defendant committed the crimes with which he or she is charged—is a fundamental prerequisite to the exercise of jurisdiction over the defendant by the local criminal court. Thus, "if the instrument is not legally sufficient, the court has no authority at all to proceed with the arraignment" (Preiser, Practice Commentaries, McKinney's Cons Law of NY, Book 11A, CPL 170.10, at 12; *see Matter of Dyno v Hillis*, 274 AD2d 908, 909 [2000], *appeal dismissed* 95 NY2d 958 [2000], *lv denied* 96 NY2d 706 [2001]). In view of the fact that "[f]acial sufficiency of the accusatory instrument is the basis for the court's authority to proceed with the criminal action" (Preiser, Practice Commentaries, CPL 100.40, at 387), "the court has no authority to enter an order that restrains defendant's liberty" if the accusatory instrument does not establish reasonable cause (*id.*, citing US Const Amend IV; NY Const, art I, § 12; *County of Riverside v McLaughlin*, 500 US 44 [1991]; and *People v Dumas*, 68 NY2d 729 [1986]).

The constitutional and statutory jurisdictional requirement of a facially sufficient accusatory instrument belies the District Attorney's contention that Judge Rosenthal was under a "common law duty" to consider the District Attorney's proffered submissions in order to make an "informed probable cause determination." Similarly, the District Attorney's reliance on CPL 120.20 (2), 170.35 and 510.30 (2) (a) (vii) as suggesting that section 140.45 requires that the court consider evidentiary material outside the felony complaint is without merit. Section 120.20 (2) applies only to a facially sufficient accusatory instrument and permits the court to make inquiry of or examine witnesses in order to "satisf[y] itself" on reasonable cause with respect to that facially sufficient accusatory instrument; section 170.35, governing proceedings on accusatory instruments over which a local criminal court has trial jurisdiction, does not imply that an arraigning court has the authority to proceed on a jurisdictionally defective felony complaint; and section 510.30 (2) (a) (vii) concerns only applications for recognizance or bail.

The concern expressed by the District Attorney for the confidentiality and protection of witnesses is both understandable and proper. Both the District Attorney and the courts, however, are bound by the constitutionally-based statutory requirement that reasonable cause must be demonstrated on the face of an accusatory instrument in order to confer jurisdiction of the criminal action and control over the liberty of an accused person. The District Attorney's brief on appeal notes that, on the arraignment of Madison before Judge Rosenthal, "the prosecutor offered to try to orally confirm . . . that the eyewitness identified [Madison] and was in a position to observe Madison." Assuming, arguendo, that the "eyewitness" was an identified citizen who both personally observed the criminal conduct and either knew or had identified Madison, we conclude that reasonable cause would have been established if such information had been included in an amended, supplemental, or replacement felony complaint. That did not occur, however, and thus Judge Rosenthal was not only authorized to dismiss the felony complaints, but indeed properly did so (*see* CPL 140.45; *see generally People v Hernandez*, 98 NY2d 8, 10 [2002]; Preiser, CPL 100.40, at 387).

## Declaratory Relief

■ As previously noted, a writ of prohibition is not an available remedy herein, and we conclude that declaratory relief is the appropriate remedy (*see Matter of Morgenthau v Roberts*, 65 NY2d 749, 751 [1985]). Nevertheless, and regardless of whether the court properly determined that the felony complaints against Madison were facially sufficient, the court erred in granting declaratory relief purporting to affect the underlying criminal action. In a declaratory judgment action,

> "the appropriate parties do not include the individual defendant in the case where the challenged ruling was made; as to him or her, there is another pending proceeding and the controversy has been decided . . . . As a corollary, the action for declaratory judgment cannot seek any injunction against the individual defendant or the criminal court" (*Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 152 [1983], *cert denied* 464 US 993 [1983]).

It was thus improper for the court to have granted declaratory relief affecting the underlying criminal action (*see id.* at 155).

It would, however, be inappropriate to dismiss this action, as Judge Rosenthal requests, "merely because [the District At-

torney was] not entitled to the declaration [he] sought" (*City of New York v State of New York*, 94 NY2d 577, 588 n 3 [2000]; *see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Bristol v Eastern Air Lines*, 133 AD2d 535 [1987]). Accordingly, we conclude that the judgment insofar as appealed from should be reversed, the complaint in this action against Madison should be dismissed, and judgment should be granted in favor of Judge Rosenthal declaring that a local criminal court is not required to consider evidentiary material submitted ex parte by the People for in camera review in determining the facial sufficiency of a felony complaint pursuant to CPL 140.45.

SCUDDER, KEHOE, GORSKI and GREEN, JJ., concur.

It is hereby ordered that the judgment insofar as appealed from be and the same hereby is reversed, on the law, without costs, the complaint in this action against defendant Ortez W. Madison is dismissed, and judgment is granted in favor of defendant Kate Rosenthal, Syracuse City Court Judge, as follows:

"IT IS ADJUDGED AND DECLARED that a local criminal court is not required to consider evidentiary material submitted ex parte by the People for in camera review in determining the facial sufficiency of a felony complaint pursuant to CPL 140.45."